**No. 64079.**—S. Wagner & Co. *v.* United States, protests 59/5744 and 59/6159 (Los Angeles).

FORD, Judge: The two suits listed in schedule "A," attached hereto and made a part hereof, cover certain 6-volt and 12-volt flashers and parts, as well as barricade flashers, which were assessed with duty at the rate of 17½ per centum ad valorem under paragraph 353 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, which provides as follows:

Electrical wiring apparatus, instruments (other than laboratory), and devices, finished or unfinished, wholly or in chief value of metal, and not specially provided for_____ 17½% ad val.

It is the contention of plaintiff that the 6-volt and 12-volt flashers and parts are properly dutiable at the rate of 11½ per centum ad valorem under paragraph 369 (a) and (c), as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, which provides as follows:

(a) Automobile trucks valued at $1,000 or more each, * * *____ 11½% ad val.

| * | * | * | * | * | * | * |
|---|---|---|---|---|---|---|

(c) Parts (except tires and inner tubes and except parts wholly or in chief value of glass), finished or unfinished, not specially provided for, for any of the articles described in item 369(a) or 369(b) in this Part_____ 11½% ad val.

It is further contended that the barricade flashers are properly dutiable at the rate of 11½ per centum ad valorem under paragraph 353 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, *supra*, and that, alternatively, the 6-volt and 12-volt flashers and parts are properly dutiable under said provision, which provides as follows:

Electrical signaling, welding, and ignition apparatus, instruments (other than laboratory), and devices, finished or unfinished, wholly or in chief value of metal, and not specially provided for _____ 11½% ad val.

| * | * | * | * | * | * | * |
|---|---|---|---|---|---|---|

Parts, finished or unfinished, wholly or in chief value of metal, not specially provided for, of articles provided for in any item 353 in this Part:

| * | * | * | * | * | * | * |
|---|---|---|---|---|---|---|

Other_____ The same rate of duty as the articles of which they are parts.

At the trial, it was stipulated by and between counsel for the respective parties with respect to the involved articles that "these articles distribute electrical energy, but are not switches and switch gear, which are not wiring apparatus." It was further stipulated by and between counsel that the involved merchandise is in chief value of metal. In addition to these stipulations, the record consists of the testimony of two witnesses called on behalf of plaintiff, five exhibits offered on behalf of plaintiff, and one exhibit offered on behalf of defendant. Plaintiff's exhibits 1 and 2 represent the 12- and 6-volt flashers, respectively, while plaintiff's exhibit 3 represents merchandise described as a switch, incomplete with cord. Plaintiff's collective exhibit 4 represents a barricade flasher. Plaintiff's illustrative exhibit 5 represents a flasher for an automobile. Defendant's exhibit A represents an advertisement of Advance Manufacturing Co. for a barricade flasher.

Both witnesses testified that exhibits 1 through 3 are used on trucks to enable the driver to signal for a turn; that exhibit 3 is attached to the outside of the steering column of the truck to permit operation by the driver; that such signals are required by State law for the operation of a truck.

The witnesses testified in effect that exhibit 4, when completed by the addition of a double-faced neon tube lamp mounted on top of the exhibit and connected to a battery placed in the red container with the circuit interrupters, is used primarily in construction work to warn people of holes in the road as a danger signal. Neither of the witnesses has ever heard nor knows of any other use for exhibit 4 than as a barricade flasher.

Signaling devices for automobiles and trucks have been the subject of decisions of this court in the cases of *Kramer & Lange* v. *United States*, 63 Treas. Dec. 718, T.D. 46358; *National Signal Device Corp. et al.* v. *United States*, 66 Treas. Dec. 85, T.D. 47180. In the *Kramer & Lange* case, *supra*, the court held the signaling device to be properly dutiable, as classified, under the provisions of paragraph 369 of the Tariff Act of 1930 as parts of automobiles. In the *National Signal Device Corp.* case, *supra*, certain directional signals were held to be properly dutiable under the provisions of paragraph 353 of the Tariff Act of 1930, as "electrical * * * signaling, * * * devices; * * * in chief value of metal, and not specially provided for," by virtue of the fact that the signaling devices involved therein were not part of the standard equipment of automobiles but were optional; and that they were not installed by automobile manufacturers. The record therein further indicated that such use did not make them parts of automobiles, as that term has been judicially defined.

The record in the instant case, however, indicates that the law requires the utilization of these signaling devices. The court, in addition, will take judicial notice of the fact that all new vehicles come equipped with an electrical signaling device as part of the standard equipment. Accordingly, we are of the opinion that merchandise, such as the articles represented by exhibits 1 through 3 are properly dutiable at the rate of 11½ per centum ad valorem under paragraph 369(c) of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, *supra*, as parts of automobile trucks, valued at $1,000 or more each, as claimed.

The merchandise represented by exhibit 4, the barricade flasher, has been clearly established to be an electrical signaling device. The use of the flashing red light to signal danger, by marking for holes or construction, would appear to make the barricade flashers fall clearly within the purview of the provision of paragraph 353 of the Tariff Act of 1930, as modified, *supra*, for "Electrical signaling, * * * apparatus, instruments * * * and devices." Accordingly, we find merchandise such as exhibit 4 to be properly dutiable under said provision, as claimed.

To the extent indicated, the specified claims in these suits are sustained; in all other respects and as to all other merchandise, all the claims are overruled. Judgment will be rendered accordingly.