(C.D. 2377)

REMINGTON RAND DIV. OF SPERRY RAND CORP. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided December 3, 1962)

*Brooks & Brooks* (*Thomas J. McKenna* of counsel) for the plaintiff.

*Joseph D. Guilfoyle*, Acting Assistant Attorney General (*Alfred A. Taylor, Jr.*, trial attorney), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

FORD, Judge: The merchandise the subject of this protest consists of rechargeable flashlights, which were classified by the collector of customs under the provisions of paragraph 353 of the Tariff Act of 1930, which, so far as is pertinent herein, provides as follows:

> *      *      *      *      *      *      *
>
> articles having as an essential feature an electrical element or device, * * *;
> all the foregoing, and parts thereof, finished or unfinished, wholly or in chief value of metal, and not specially provided for, 35 per centum ad valorem.

Duty was so assessed under said act, as originally enacted, since "flashlights" were specifically excepted from the reduction of duties granted by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739.

Plaintiff herein contends the merchandise is properly dutiable under said paragraph, as modified by the Torquay protocol, *supra*, under the following language:

> Articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs, finished or unfinished, wholly or in chief value of metal, and not specially provided for:
>
> *      *      *      *      *      *      *
>
> Other (except the following: * * *
> flashlights; * * *) _____ 13¾% ad val.

An alternative claim at 15 per centum ad valorem under paragraph 353 of said act, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, although not abandoned, was not pressed. The claim of 12 per centum ad valorem under paragraph 397 of said act, as modified, having been abandoned, is accordingly dismissed. The other alternative claim at 19 per centum ad valorem under paragraph 397 of said act, as modified, though not abandoned, was not pressed.

The record herein consists of the testimony of one witness called on behalf of plaintiff and the receipt of four exhibits in evidence.

Plaintiff's exhibit 1 is a sample of the imported merchandise. Plaintiff's collective illustrative exhibit 2 consists of a schematic drawing in duplicate, representing the circuit of the imported merchandise. Plaintiff's illustrative exhibit 3 is a breadboard layout of all of the components contained in the imported article. Plaintiff's illustrative exhibit 4 is an open sample of the imported article.

Mr. Tolmie, chief engineer of the Electric Shaver Division of the importer, testified that he is familiar with the imported article, having

approved the importation; that he became familiar with the article while working on the possibility of a rechargeable electric razor. The witness then testified, utilizing plaintiff's illustrative exhibit 2, marking the sections of the unit with the numbers 1 through 3, and indicating the portion marked number 1 was the rechargeable circuit; the portion marked number 2 was the power source section, which consists of batteries; and the portion marked number 3 was the load or flashlight bulb.

Mr. Tolmie testified that, upon inserting the plug in an alternating outlet, the current would flow through the resistor, R1, causing it to drop a certain amount, then through the capacitor, marked C1, where a substantial voltage drop is realized from 112 volts to 2.5 volts; that the current then proceeds through the fuse and to the selenium rectifier, marked S1 and S2 on the diagram; that, thereafter, the current proceeds through the battery, wherein a conversion through electrochemical reaction changes the chemical state of the batteries so that, in some subsequent time, they could deliver current of their own; that current for illuminating the flashlight bulb is obtained from these batteries. The witness then explained that the same principle utilized in the recharging unit has been used in electric shavers and in hand vacuum cleaners.

It is the position of plaintiff herein that the involved merchandise is more than a flashlight. Although the witness has designated three separate parts on the schematic diagram, plaintiff's collective exhibit 2, we feel it is necessary to state that the whole unit is enclosed in a plastic case. At the bottom of the case, a portion may be removed, thus exposing a two-prong male plug, such as is utilized in any lamp or appliance which is inserted into an electric outlet for the purpose of recharging the battery. By virtue of the classification and claim under paragraph 353, it is not questioned that the involved Charge-A-Lite flashlights fit within the purview of the language "articles having as an essential feature an electrical element or device." The question thus presented is whether the imported merchandise is a flashlight or more than a flashlight.

Plaintiff has cited the case of *United States* v. *Sydney Kann & Co.*, 20 CCPA 77, T.D. 45702, and *Garrard Sales Corp.* v. *United States*, 35 CCPA 39, C.A.D. 369, as being applicable herein. We do not believe these cases to be controlling herein for the reasons hereinafter set forth.

In the *Kann* case, *supra*, a mechanical pencil, having a cigar or cigarette lighter on the top of it, was held to be more than a mechanical pencil and created a combination article. It is obvious that the mechanical pencil is not dependent on, nor used in conjunction with, the lighter. Each article performs an end function, separate and apart from the other.

The *Garrard* case, *supra*, involved automatic record-changer units, which were used in phonographs or radio-phonograph combinations. It was there established that, when installed in a radio-phonograph combination, both the radio and the phonograph utilized a single amplifying and loudspeaker system. Hence, when one system, the radio or the phonograph, was in use, the other system could not be used. It is obvious that a radio-phonograph combination serves two separate end functions, i.e., the playing of phonograph records and a radio receiving set. Here, too, each performed its separate end function.

In the case at bar, all we have is a flashlight which performs its end function of supplying light. This is accomplished in the same manner as any other flashlight, to wit, the current flow from the source of power, the battery, to the bulb. The recharging unit which is incorporated in the flashlight merely extends the life of the power source. Hence, the recharging unit does not make a flashlight anything more than a flashlight when incorporated therein.

From the language of the statute under which the merchandise was classified, it is evident that flashlights have been excepted from the reduction granted by the Torquay protocol involved herein. In the case of *C. J. Tower & Son* v. *United States*, 2 Cust. Ct. 81, C.D. 92, flashlights were held to be properly classifiable under the provision for "articles having as an essential feature an electrical element or device * * *." This case is, therefore, controlling as to flashlights. The writer of this opinion in a recent decision, presently pending on appeal, *Biddle Purchasing Co.* v. *United States*, 48 Cust. Ct. 251, C.D. 2345, held certain flashlight cases to be properly dutiable at 35 per centum ad valorem under paragraph 353 of said act, as classified by the collector of customs, as was the merchandise herein, rather than under paragraph 397 of said act, as modified, as illuminating articles.

Based upon the foregoing, we are of the opinion that the involved merchandise is merely a flashlight, utilizing a method of recharging the power source, and is not an article which is more than a flashlight because of this additional feature.

Plaintiff not having pressed its claim under paragraph 397 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, at 19 per centum ad valorem, or at 15 per centum ad valorem under paragraph 353 of the Tariff Act of 1930, as modified by T.D. 51802, *supra*, they are deemed abandoned.

Judgment will be rendered accordingly.