REMINGTON RAND DIV. OF SPERRY RAND CORP. v. UNITED STATES
(No. 5147)*

United States Court of Customs and Patent Appeals, March 12, 1964

*Brooks & Brooks* (*Thomas J. McKenna*, of counsel) for appellant.
*John W. Douglas*, Assistant Attorney General, *Andrew P. Vance*, Chief, Customs Section (*Alfred A. Taylor, Jr.*, trial attorney, of counsel) for the United States.

*C.A.D. 837.

58

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Jr., Associate Judges

SMITH, Judge, delivered the opinion of the court:

The issue presented by this appeal is whether the imported "Charge-A-Lite" rechargeable flashlight is dutiable as a "flashlight," within paragraph 353 of the Tariff Act of 1930, as modified. The statutes involved are:

*Paragraph 353:*

* * * articles having as an essential feature an electrical element or device * * *; all the foregoing, and parts thereof, finished or unfinished, wholly or in chief value of metal, and not specially provided for, 35 per centum ad valorem.

*Paragraph 353* (as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, 165, T.D. 52739):

Articles having as an essential feature an electrical element or device, such as * * *:

| * | * | * | * | * | * | * |
|---|---|---|---|---|---|---|

Other (except the following: * * * flashlights * * *)__ 13¾% ad val.

The merchandise in issue consists of a flashlight bulb, a lens, two rechargeable batteries, various connecting wires, and a circuit which appellant's witness describes as a "recharging network," all housed in a stylized plastic case. By removing the cover at the bottom of the case, a conventional two-pronged male plug is exposed. The plug is connected to the input terminals of the recharging network. The recharging network is made up of various electrical circuit elements, including resistors, a capacitor, a fuse and a selenium rectifier. It performs the function of recharging the batteries after energy is drawn therefrom in providing current to light the bulb. Recharging is effected when the two-pronged male plug at the bottom of the case is inserted into the conventional female receptacle of an electrical service outlet. Current from the outlet thus enters the recharging network, where it is converted to unidirectional electrical energy at a voltage suitable for use in recharging the batteries. After a recharging period, the unit is removed from the outlet and the electrical energy stored in the batteries is available for lighting the flashlight bulb.

The parties to this appeal agree that the merchandise at issue is an article "having as an essential feature an electrical element or device," and is thus properly dutiable under paragraph 353. They disagree, however, as to whether such merchandise qualifies under the Torquay Protocol for the reduced rate of duty of 13¾ per cent ad valorem,

or whether as a "flashlight," the merchandise falls within the list of articles expressly excepted from the rate reduction.

The Collector classified the merchandise in issue as a flashlight and assessed duty at 35 per cent ad valorem. The appellant protested that classification, contending that the merchandise was more than a "flashlight," within the meaning of the exception set forth in the Torquay Protocol, and that the merchandise should therefore be assessed at the reduced rate of 13¾ per cent ad valorem. The United States Customs Court, Second Division, dismissed appellant's protest, and in the course of its opinion stated (49 Cust. Ct. 150, 153, C.D. 2377):

In the case at bar, all we have is a flashlight which performs its end function of supplying light. This is accomplished in the same manner as any other flashlight, to wit, the current flow from the source of power, the battery, to the bulb. The recharging unit which is incorporated in the flashlight merely extends the life of the power source. Hence, the recharging unit does not make a flashlight anything more than a flashlight when incorporated therein.

We agree with the conclusion of the Customs Court. Webster's Third New International Dictionary defines a "flashlight" as "* * * d: a small battery-operated portable electric light." The second edition of the same work, published in 1934, provides an identical definition. It is clear that the merchandise at bar falls squarely within this definition. The fact that the instant merchandise also contains a "recharging network" does not alter its identity. The recharging circuit merely serves to rejuvenate the batteries which are the ultimate power source for producing the light. We can perceive no definitional difference between a flashlight which replenishes its power supply in this manner and one in which the batteries are simply replaced when worn out. Both are portable, both are battery-operated, and both function to produce light. They differ only in the method by which the battery power supply is renewed.

Appellant places much reliance upon the definition of the term "flashlight" in *C.J. Tower & Sons* v. *United States*, 2 Cust. Ct. 81, C.D. 92. In this case it was held that flashlights are properly classifiable as "articles having as an essential feature an electrical element or device," a consideration which is not here in issue. However, appellant contends that the *Tower* opinion in its statement of what constitutes a "flashlight," is controlling here. In describing the flashlight there in issue the court stated (2 Cust. Ct. at 82):

* * * It is a metal case equipped with lens, bulb, and wiring, apparently ready to receive the electric battery to make it immediately available for use as a complete electric flashlight. * * *

That statement, however, is not an exclusive definition of the term "flashlight," nor did it purport to be. We cannot, therefore, accept appellant's contention that the merchandise at bar is not a flashlight

because it incorporates elements not found in the *Tower* "definition," i.e., rechargeable batteries and a "recharging network."

Appellant also cites several other cases in support of its contention that the merchandise at bar is "something more" than a flashlight. Thus, in *United States* v. *Sydney Kann & Co.*, 20 CCPA 77, T.D. 45702, this court held that a mechanical pencil having in its top portion a cigar or cigarette lighter was not a pencil. The court found that it was a "combination article," which seems to indicate that the item was something more than either a mere pencil or a mere lighter. At any rate, in our opinion the instant case and *Sydney Kann* are readily distinguishable. A pencil and a cigarette lighter independently perform wholly different functions, and the combination of the two in no way affects the functioning of either of them. On the other hand, a recharging network in a flashlight equipped with rechargeable batteries is, in a very real sense, integrated with the flashlight, and thus is as much a part of the flashlight as are the lens, bulb and other components referred to in the *Tower* case. The unit as a whole is imported, sold and used as nothing more than a particular kind of flashlight. Cf. *Biddle Purchasing Co.* v. *United States*, 50 CCPA 71, C.A.D. 823.

The decision of the Customs Court is *affirmed*.