CONTINENTAL EXCHANGE, LTD.

v.

UNITED STATES.

C.D. 3333; Protest No. 65/25287–81401.

United States Customs Court,
Second Division.
March 4, 1968.

Glad & Tuttle, San Francisco, Cal. (Robert Glenn White, San Francisco, Cal., of counsel) for plaintiff.

Edwin L. Weisl, Jr., Asst. Atty. Gen. (Mollie Strum, New York City, trial attorney), for defendant.

Before RAO, Chief Judge, and FORD, Judge.

FORD, Judge:

The imported merchandise in controversy herein consists of small, portable, rechargeable flashlights, illustrated by plaintiff's exhibits 1 and 2, the first being open to expose its inner workings, the second representing the article intact. The merchandise was classified by the collector of customs under item 683.70, part 5, schedule 6 of the Tariff Schedules of the United States.

The plaintiff claims the merchandise is properly classifiable under item 685.70 of TSUS under the provision for bells and other sound or visual signalling apparatus, or, in the alternative, under item 683.80 of TSUS for "other" portable electric lamps.

The pertinent items of the statutes involved follow:

Tariff Schedules of the United States, part 5, schedule 6, item 683.70:

Portable electric lamps with self-contained electrical
 source, and parts thereof:
 Flashlights and parts thereof ................35% ad val.

Tariff Schedules of the United States,
part 5, schedule 6, item 683.80:

Portable electric lamps with self-contained electrical
 source, and parts thereof:
 \* \* \* \* \* \* \* \* \* \*
 Other ...................................13.75% ad val.

Tariff Schedules of the United States,
part 5, schedule 6, item 685.70:

Bells, sirens, indicator panels, burglar and fire alarms,
 and other sound or visual signalling apparatus, all
 the foregoing which are electrical, and parts there-
 of: ..........................................8.5% ad val.

The crux of the controversy at bar centers around a blinking on and off feature of a red beam in a two-beam flashlight, the red and a clear white. The blinking feature, the plaintiff claims, is a warning flasher or signalling device, which makes the flashlight more than a flashlight. The question at issue is whether the imported item was properly classified under TSUS item 683.70, or whether it is classifiable under either of the provisions claimed by the plaintiff.

The record herein is comprised of the testimony of one witness for the plaintiff and two samples of the merchandise aforementioned.

Mr. Louis Ruby testified for the plaintiff substantially as follows: He has been with the plaintiff about 3 years and is general manager in charge of the office, the warehouse, and sales. They are known as importers of a general line of merchandise. For some years prior to that he had been in the import business, selling in the main imported cigarette

lighters. He was familiar with the merchandise at bar and identified it (exhibit 1) as representative of the imported article. He stated his company calls it a rechargeable emergency blinking flashlight. He identified the cardboard container as the package in which the article came from Japan. Instructions for its use and maintenance were printed on the cardboard container.

The witness demonstrated the operation of the flashlight before the court. By setting a switch on exhibit 1, the red light beam continued to flash on and off without continual holding.

Mr. Ruby stated that the article had "no actual battery" in it and that its power source was rechargeable by plugging the two prongs into an electrical wall socket. When the Court inquired if the electricity was stored in the middle battery, the witness stated he was not sure, stating also that he was not familiar with the "inner makings of the item." The witness took apart exhibit 1 and reiterated that it had no battery, stating however that there was an item in there that could be called a battery but he was not sure. He did not know the candle power or brilliance of the light and had never used it himself. He considered that its particular sales feature was its use as an emergency signal light. The witness admitted that he was not mechanically or electrically inclined.

On cross-examination the witness admitted that the article had imprinted on it "'Rechargeable Flashlight,'" and that it was narrower and longer than a package of cigarettes, could be carried in one's pocket or purse, and could be used to find a keyhole in a door at night, or searching for something in a purse.

At the conclusion of the trial plaintiff introduced exhibit 2, being an intact replica of exhibit 1 which had been taken apart for demonstration during trial.

The position of the plaintiff herein is very similar to that in Remington Rand Div. of Sperry Rand Corp. v. United States, 49 Cust.Ct. 150, C.D. 2377; affirmed 51 CCPA 57, C.A.D. 837. In that case, the merchandise was rechargeable flashlights which were classified under paragraph 353 of the Tariff Act of 1930 (predecessor provision under which flashlights had been classified prior to TSUS), as articles having as an essential feature an electrical element or device. The flashlight unit there, as in the instant case, was enclosed in a plastic case, at the bottom of which a portion could be removed to expose a two-prong plug which could be inserted into an electric outlet to recharge the battery. Because of this recharging feature, the plaintiff there contended that the flashlight was more than a flashlight. This court rejected plaintiff's contention, stating, at page 153,

In the case at bar, all we have is a flashlight which performs its end function of supplying light. This is accomplished in the same manner as any other flashlight, to wit, the current-flow from the source of power, the battery, to the bulb. The recharging unit which is incorporated in the flashlight merely extends the life of the power source. Hence, the recharging unit does not make a flashlight anything more than a flashlight when incorporated therein.

From the language of the statute under which the merchandise was classified, it is evident that flashlights have been excepted from the reduction granted by the Torquay protocol involved herein. In the case of C. J. Tower & Son v. United States, 2 Cust. Ct. 81, C.D. 92, flashlights were held to be properly classifiable under the provision for "articles having as an essential feature an electrical element or device * * *." This case is, therefore, controlling as to flashlights. The writer of this opinion in a recent decision, presently pending on appeal, Biddle Purchasing Co. v. United States, 48 Cust.Ct. 251, C.D. 2345,* held certain flashlight cases to be properly dutiable at 35 per centum ad

* Affirmed, 50 CCPA 71, C.A.D. 823.

valorem under paragraph 353 of said act, as classified by the collector of customs, as was the merchandise herein, rather than under paragraph 397 of said act, as modified, as illuminating articles.

Based upon the foregoing, we are of the opinion that the involved merchandise is merely a flashlight, utilizing a method of recharging the power source, and is not an article which is more than a flashlight because of this additional feature.

 The flashlight in the case at bar is likewise a rechargeable flashlight, according to the testimony of record, the printing on the package, and the engraving on the article (exhibit 1) itself. Here, however, is an added feature. Two light bulbs, producing two beams of light from a power source within the plastic container are visible. One beam is the ordinary flashlight clear beam shining through a clear glass; the other is likewise the same clear light beam, but shines through a red lens, thus delivering a red light. Added to the red beam control is a switch, which when set makes the red light blink. Obviously, because of this last feature, the plaintiff at bar contends the flashlight is more than a flashlight, and is a signalling device, properly classifiable under item 685.70 of TSUS which provides for bells, sirens, indicator panels, and other sound or visual signalling apparatus. In our opinion, the flashlight herein is not *ejusdem generis* with the articles enumerated in item 685.70, supra. The kind of signalling device contemplated by the language would be such as barricade flashers, warning lights or danger signals on construction jobs to warn of holes in a road. These, as stated in S. Wagner & Co. v. United States, 44 Cust.Ct. 424, Abstract 64079, a case cited by the plaintiff, were not flashlights but electrical signalling apparatus which *had no other use*. [Emphasis ours.] Such is not the fact at bar.

In Astra Trading Corp. v. United States, 56 Cust.Ct. 555, 560, C.D. 2703,

the article in controversy was a screwdriver with an illuminating feature. The question was whether the article was a combination article which was more than a screwdriver, and more than a flashlight, or an entirety as a screwdriver dutiable under the *eo nomine* provision for screwdrivers. The court held that the screwdriver, notwithstanding the additional feature of illumination, was still essentially a screwdriver, stating at page 562,

> * * * we have a screwdriver with the added convenience of a light if desired. This does not convert the imported article into something more than a screwdriver.

The foregoing principle of the *Astra* case, in our opinion, is closely relevant to the situation at bar. The function of the article is primarily to produce light, the blinking element being an added convenience if desired. The *eo nomine* designation under TSUS, part 5, schedule 6, item 683.70 for flashlights and parts is directly applicable. The reasoning of the cases on flashlights adjudicated under the provisions of the Tariff Act of 1930, paragraph 353, for articles having as an essential feature an electrical element or device, is sound. C. J. Tower & Sons v. United States, 2 Cust.Ct. 81, C.D. 92. The same reasoning employed there applies to flashlights in considering the article under TSUS. In United States v. Astra Trading Corp., 44 CCPA 8, C.A.D. 627, concerning *eo nomine* designation, the appellate court stated at page 11:

> The principle is too well established for the citation of references that, in determining the classification of goods, an *eo nomine* designation must, unless a legislative intent to the contrary is clearly indicated, be preferred to terms of general description and to enumerations which are broader in scope and less specific.

 The plaintiff's alternate claim for classification under TSUS, part 5, schedule 6, item 683.80, providing for portable lamps, and "other" related

items, is, in our opinion, without merit. Flashlights are not lamps, within the common meaning. Biddle Purchasing Co. v. United States, 48 Cust.Ct. 251, C.D. 2345, affirmed C.A.D. 823, supra.

There is no convincing evidence of record that the blinking light was ever used as a signal light or that it has effectiveness in such capacity. The witness in fact had never used the imported article nor seen it used.

■■ Under all of the foregoing circumstances, this court does not feel warranted to accept the testimony of record as sufficient to upset the classification of the collector of customs who, by virtue of the presumption of correctness, is presumed to have found every fact necessary to sustain his classification. (United States v. Marshall Field & Co., 17 CCPA 1, 5, T.D. 43309.)

We have examined and considered all of the cases cited by both counsel, referring specially to those pertinent and sufficient for our decision.

■ Following the reasoning and principles laid down in the *Remington Rand Div. of Sperry*, supra, the *Astra Trading Corp.* cases, supra, and other cases cited in these decisions, we are of the opinion, and so hold, that the imported article is no more than a flashlight. The term flashlight is an *eo nomine* designation and includes all forms of the article. Nootka Packing Co. et al. v. United States, 22 CCPA 464, 470, T.D. 47464.

Therefore, for the reasons hereinbefore stated, the claims made in the protest are overruled. Judgment will be entered accordingly.

RAO, Chief Judge, concurs.