(C. D. 1988)

BETTER HOUSEWARE COMPANY *v.* UNITED STATES

United States Customs Court, First Division

(Decided April 29, 1958)

*Jordan & Klingaman* (*Jacob L. Klingaman* of counsel) for the plaintiff.
*George Cochran Doub*, Assistant Attorney General (*Mollie Strum* and *Alfred A. Taylor, Jr.*, trial attorneys), for the defendant.

Before Oliver, Mollison, and Wilson, Judges; Mollison, J., dissenting

Oliver, Chief Judge: This protest relates to merchandise described on the invoice as "Table Crumbers," consisting of two articles, i. e., a brush (plaintiff's exhibit 1–A) and a tray (plaintiff's exhibit 1–B). The collector considered the two items as separate entities. The brushes were assessed with duty at the rate of 50 per centum ad valorem under the provision in paragraph 1506 of the Tariff Act of 1930 for brushes, not specially provided for. The trays were classified as household utensils, not specially provided for, under paragraph 339 of the Tariff Act of 1930, as modified by T. D. 52739, and were assessed with duty thereunder either at 15 per centum ad valorem or 20 per centum ad valorem, depending on the component material of chief value.

Plaintiff claims that the merchandise should be classified as an entirety under the provision for household utensils in paragraph 339, as modified, *supra*, and dutiable at the rate applicable to the component material of chief value, applied by the collector to the trays.

The case was submitted on samples of the two articles in question and an oral stipulation between counsel for the respective parties that the two items are sold as a unit and are in chief value of metal as a combination. Government counsel emphasized that any concession by defendant was not to be considered as an admission that the articles constitute an entirety for tariff purposes.

The collector's classification of the tray, alone, as a household utensil, coupled with defendant's concession that the brush and the tray are sold as a unit, is not sufficient, for reasons hereinafter set forth in detail, to support classification of the two articles as an entirety. It will be noted that both of the competing provisions involved herein include the words "not specially provided for." Under such circumstances, the statutory phrase is to be disregarded. *United States* v. *S. S. Perry*, 25 C. C. P. A. (Customs) 282, T. D. 49395; *United States* v. *Lo Curto & Funk*, 17 C. C. P. A. (Customs) 19, T. D.

43319; *United States* v. *Richardson*, 13 Ct. Cust. Appls. 280, T. D. 41214. The provisions for household utensils (paragraph 339, as modified, *supra*), invoked by the collector with reference to the trays included in this shipment, are for such articles, either composed in chief value of brass, carrying a dutiable rate of 15 per centum ad valorem, or composed in chief value of "Other base metal" with a duty assessment of 20 per centum ad valorem. The brushes in question were classified under an *eo nomine* provision therefor (paragraph 1506, *supra*). On the record before us, the only issue presented is whether or not the two articles in question are properly classifiable as an entirety for tariff purposes.

The question of entireties has been the subject of much litigation both in this court and the Court of Customs and Patent Appeals. The complexities of the different situations that have been encountered and the wide variety of facts associated therewith have prevented the courts from enunciating any definite rule which could be a positive guide, under all circumstances, for the classification of merchandise as an entirety.

In the present case, the brush and the tray comprising the merchandise under consideration are not parts of each other. They are not designed to be joined or attached together, and they do not form a new and distinct article of commerce. Hence, the principle enunciated in *Altman & Co.* v. *United States*, 13 Ct. Cust. Appls. 315, T. D. 41232, has no application herein. That case is authority for the proposition that if certain *parts*, which are designed to form, *when joined or attached together*, a complete article of commerce, these *parts* will be considered for tariff purposes as entireties.

The two articles before us are separate entities, individually identifiable. That they are concededly sold as a unit and are obviously intended to be used together are not criteria for their tariff classification as an entirety. The case of *United States* v. *Kalter Mercantile Co. et al.*, 11 Ct. Cust. Appls. 540, T. D. 39680, is in point. In that case, the merchandise consisted of rubber boots, fitted with rubber loops, by means of which leather straps, imported with them, might be used to bind them to the feet and ankles. The leather straps were 3 feet long, about seven-eighths of 1 inch wide, and had a buckle on one end and perforations in the other end. The court therein found:

It is clearly apparent from an examination of the exhibits in this case that any leather belt of proper width, regardless of the buckle attached thereto, could be used, if and when desired by the wearer of the boot, to bind the boot at the foot and ankle. If so used, could it be fairly argued that the leather belt had lost its identity and had merged with and become a part of the boot by assembly? Can it be fairly said that when the leather strap is attached to the boot by being passed through the rubber loop, it becomes so merged with the boot by assembly that it loses its identity as a leather strap? Certainly when thus united the boot and the strap do not merge so as to form a new or distinct article, having a different character or name. The boot remains a boot and the leather strap remains a

leather strap, even when used together. The leather strap is attached to the *boot* for the purpose of binding the *boot* more tightly around the foot and ankle. It seems difficult to use descriptive language of the boot and the strap without conclusively showing the uses and purposes of each to be separate and distinct. [Italics quoted.]

The court held that the rubber boots, when used in combination with the leather straps, do not become entireties and, in reaching the conclusion, stated as follows:

We are of the opinion that even though it be considered that the boots and the straps were designed to be used together, when desired, and were sold together by the importers, yet, when used together, each retains its identity, name, and character; each is a separate entity; and when attached, each performs its separate function without loss of any of its essential characteristics. The boot remains a boot and the leather strap remains a leather strap. When separated the boot remains useful as a boot. It retains its commercial entity and remains complete in itself, a rubber boot. The leather strap also retains its essential character and commercial entity, and remains complete in itself, a leather strap, or as has been suggested, a leather belt.

Among the cases cited by our appellate court in the *Kalter Mercantile Co. et al.* case was included *Columbia Shipbuilding Co.* v. *United States*, 11 Ct. Cust. Appls. 281, T. D. 39085, and, in referring favorably thereto, the court stated as follows:

In the case of the Columbia Shipbuilding Co. *v.* United States (11 Ct. Cust. Appls. 281; T. D. 39085), certain steam engines and fans were imported, designed, and intended to be operated together. This court held that those articles were not dutiable as entireties. When not used together the engine was complete without the fan and retained its identity, name, and character, and the fan retained its name, identity, and character, and each retained its usefulness as a separate entity. When put together or assembled, each retained its separate identity and essential characteristics. In other words, by assembly the fan did not merge with the engine nor the engine with the fan, so as to form a new or distinct article having a different character or name.

What was said in the two cited cases concerning the classes of merchandise involved therein can be applied with equal force and effect to the articles involved in the present case. The brush and the tray in question, when used together, retain their separate entities, and each performs its separate function without loss of any of its essential characteristics. There is no assembly of the two articles in any way, so that, when used together, the combination does not form a new article having a different name, character, or use. Each of these items has a separate dutiable status. The brush remains a brush, susceptible of use as such, with or without the tray; and the same is equally true of the tray. Their combined use does not create an entirety for tariff purposes.

The reasoning, as expressed in the foregoing paragraph which applies to the articles under consideration, makes distinguishable herein the case of *Donalds Ltd., Inc.* v. *United States*, 32 Cust. Ct. 310, C. D. 1619. In that case, the merchandise consisted of an inhaler, consist-

ing of three parts, i. e., a holder, cotton core, and inhalant, imported in a completely assembled condition. The individual identities of the three parts, while still existing and recognizable as such, were subordinated in the creation of a new entity that became a complete article of commerce bearing a name different from the names of the parts. Under such circumstances, the merchandise was held to be an entirety for tariff purposes and classifiable under a provision applicable to the combined entity. The character of the merchandise involved herein, as well as the use of the individual articles, is materially different from what was shown in the *Donalds Ltd., Inc.*, case. That case, therefore, has no influence toward a determination of the present issue.

Funk & Wagnalls New Standard Dictionary (1942 ed.) and Webster's New International Dictionary (1948 ed.) define a "crumb brush" as a brush to remove crumbs from the table. Funk & Wagnalls New Standard Dictionary (1942 ed.) also identifies "crum-tray" as an individual commodity. The specific recognition in those dictionary authorities of a crumb brush and a crum-tray indicates that the two articles in question are considered, in common understanding, as separate entities.

Judicial decisions holding sets of articles to be dutiable as separate entities support the conclusion that the articles in question are not properly classifiable as entireties. *Lang Co. et al.* v. *United States*, 15 Ct. Cust. Appls. 341, T. D. 42495; *Abercrombie & Fitch Co.* v. *United States*, 10 Cust. Ct. 222, C. D. 758; *W. A. Force & Co., Ltd.* v. *United States*, 24 Cust. Ct. 140, C. D. 1222.

In the *Lang Co. et al.* case, *supra*, the merchandise under consideration was a tablecloth and napkins, imported in sets, each set consisting of a tablecloth and six napkins to match, packed together in a paper carton. The merchandise was ordered and sold in sets. In holding the articles—the tablecloth and the napkins—to be dutiable as separate entities, the appellate court stated:

* * * In the instant case the tablecloth is complete without the napkins. The napkins are complete articles independent of the tablecloth. *The mere fact that they may be bought, sold, and used together, in sets, does not require that they be regarded as entireties for tariff purposes.* [Italics supplied.]

The foregoing quotation was cited with approval in the *Abercrombie & Fitch Co.* case, *supra*, wherein croquet sets, consisting of balls, mallets, and equipment, ordinarily used in playing the game of croquet, were held to be classifiable as separate entities. In reaching the conclusion, this court stated:

The croquet sets before the court are not entireties for tariff purposes. The various items making up the set are each complete articles of commerce. They are not intended to be, nor have they been, joined together or merged so that their separate identities have been lost and a new and different article with a new name and use brought into being.

The same reasoning was employed in the *W. A. Force & Co., Ltd.*, case, *supra*. There, the merchandise consisted of so-called "fount sets," each consisting of 112 steel type pieces, together with a metal holder, a pair of metal tweezers, and a metal wrench, conveniently packed in a wooden box or case. In holding the articles not to be entireties, the court stated:

In the light of the above authorities on the doctrine of entireties as applied to the classification of imported merchandise, we are clearly of the opinion that the collector of customs erred in the present instance in classifying the "fount sets" in issue as entireties.

The 112 steel pieces, pair of tweezers, metal holder, and metal wrench, although packed together in the wooden box, and evidently so to remain during the life of the articles when not in use, just as would the tools in a carpenter's tool chest, *are never merged or joined together so that the whole forms a new and distinct article of commerce having a different character and use*. [Italics supplied.]

Cited with approval in the last-mentioned case was *United States v. John Wanamaker, Philadelphia, Inc.*, 20 C. C. P. A. (Customs) 367, T. D. 46132, which involved a woman's handbag, fitted with mirror, purse, and strap watch. The collector had classified the merchandise as though the bag and the watch were separate articles, and the importer sought classification as entireties. The appellate court sustained the collector's classification of the articles as separate entities and stated:

Questions of entirety almost always present points of difficulty for adjudication, and this suit is no exception to that rule. However, considering the nature of these articles, we feel constrained to differ with the trial court as to their being entireties for tariff purposes. The completed article is obviously somewhat of a novelty, designed to meet, or perhaps to create, a fashion: There is no natural affinity or relation between a leather hand bag and a watch. Neither is normally essential to the completeness of the other.

The same is true with respect to the brush and the tray involved herein. There is no natural affinity or relation between them, and neither is normally essential to the completeness of the other.

Plaintiff's brief cites several cases to support its claim for classification of the present merchandise as an entirety. None of them can be applied favorably toward plaintiff's position as the following outline of each discloses.

In *C. B. Richard & Co. v. United States*, 12 Treas. Dec. 313, T. D. 27630, the merchandise consisted of certain rubber bulbs, used in pyrographic work, and nets specifically made to fit the particular bulbs. The merchandise was held to be classifiable as entireties. In the present case, the brush and the tray under consideration are capable of use individually for any purpose for which such articles are adaptable, and neither one is dependent for use on the other. Both retain separate identities and are classifiable for tariff purposes as such.

The case of *Wanamaker et al.* v. *Cooper, Collector*, 69 Fed. 465, was decided as early as June 25, 1895, and involved several different kinds of articles, including "furnished needle cases," which were held to be entireties. The case is not a proper consideration herein in the light of later decisions, hereinabove discussed, of our appellate court on the doctrine of entireties.

In *United States* v. *N. S. Meyer, Inc.*, 18 C. C. P. A. (Customs) 201, T. D. 44381, the merchandise consisted of certain parts of spurs, spur chains, and leather straps, which were classified under the provision for articles of metal, commonly or commercially known as saddlery or riding bridle hardware. The importer undertook to prove commercially that the merchandise was not commonly or commercially known as saddlery or riding bridle hardware, and the appellate court held that the evidence adduced by the importer was not sufficient to overcome the presumption of correctness attaching to the collector's classification. In the course of its decision, the court stated that the context of the paragraph invoked by the collector indicated that Congress intended to include therein merchandise, such as the spur chains, parts of spurs, and leather straps, involved in the *Meyer* case. The case offers nothing toward a disposition of the present issue.

Neither *H. Kempner* v. *United States*, 11 Cust. Ct. 173, C. D. 820, nor *Strauss-Eckardt Co., Inc.* v. *United States*, 16 Cust. Ct. 221, Abstract 50876, involved the question of entireties. Hence, they have no bearing in determining the classification of the merchandise in question.

In *American Shipping Co.* v. *United States*, 47 Treas. Dec. 251, T. D. 40724, the merchandise consisted of bladders for footballs and basket balls, imported with the leather cases or covers therefor. The merchandise was classified as entireties under the provision in paragraph 1402 of the Tariff Act of 1922 for "footballs * * * and all other balls, of whatever material composed, finished or unfinished, designed for use in physical exercise or in any indoor or outdoor game or sport." In sustaining that classification and overruling the importer's claim for classification of the articles as separate entities, this court, through the late Judge Sullivan, stated as follows:

> In view of paragraph 1402 this merchandise must be assessed as an entirety. If not, what class of merchandise would come under the provision "footballs, * * * and all other balls, of whatever material composed, finished or unfinished?" It must be admitted that these bladders of rubber are unfinished footballs or basket balls, lacking only combination with leather cases imported therewith to render them completely finished footballs or basket balls. It would be impossible to disassociate these component parts one from the other.

Such reasoning cannot be applied herein. On the contrary, the brush and the tray in question are completely disassociated from each other. The combined use of both in no way deters from their identification as separate entities.

In *F. W. Woolworth Co.* v. *United States*, 59 Treas. Dec. 1438, Abstract 14428, the merchandise consisted of boxes and dice, composed of galalith, which were classified as entireties under the specific provision for dice. The abstract of this court's decision is reported as follows:

There was testimony that the dice are so small that they can not be used without the boxes. There was nothing in the record sufficient to overcome the presumption of correctness attaching to the collector's action. * * *

The last-cited case certainly is not to be viewed as offering support for plaintiff's claim in this case.

On the basis of the record herein and in the light of prevailing judicial authority on the doctrine of entireties, as expressed by our appellate court, particularly in the *Kalter Mercantile Co. et al.*, *Columbia Shipbuilding Co.*, and *Lang Co. et al.* cases, *supra*, we hold that the brush and the tray in question are separate entities and that they are properly classifiable as assessed by the collector.

The protest is overruled and judgment will be rendered accordingly.

### DISSENTING OPINION

MOLLISON, Judge: I regret that I am unable to concur in the view that my colleagues take in this case. It seems to me that the majority would require as a *sine qua non* of an entirety that the elements which are imported separately be capable of being *physically joined or attached together* in the formation of the article of commerce which they represent. I am of the view that the mere fact that an article of commerce consists of two unattached parts or elements is no bar to its being considered an entirety for tariff purposes.

Perhaps the most common example of such an entirety is a man's suit. It consists of trousers and jacket which are *not* designed to be joined or attached together, but which nevertheless are designed to be sold and used together and, when so sold and used, form a new and distinct article of commerce, to wit, a suit. To be sure, the trousers remain trousers and the jacket remains a jacket, each readily recognizable under its own name, but, in common and commercial parlance, the two articles when sold and used together are recognized as a suit.

On the subject of physical joining or attachment, compare *Steel, Inc.* v. *United States*, 24 C. C. P. A. (Customs) 423, T. D. 48872, holding that parts of a machine need not be physically attached to the other parts to constitute the whole article a machine.

The majority has distinguished the facts in the present case from those in the recent case of *Donalds Ltd., Inc.* v. *United States*, 32 Cust. Ct. 310, C. D. 1619. I agree that the *facts* are distinguishable, but, in discussing the issue there, we enunciated certain principles of the doctrine of entireties, which I think are applicable. We there said:

The doctrine of entireties in customs jurisprudence is a rule of classification and rests upon the proposition that the classification of imported articles for

duty purposes is determined by their condition at the time of importation. *United States* v. *Schoverling, Daly & Gales*, 146 U. S. 76, 36 Law. ed. 893. The duties and exemptions from duty prescribed in the dutiable and free lists of the tariff act in connection with "articles * * * imported" are so prescribed with respect to the actual, commercial nature of the articles involved, the tariff act being written in the language of commerce.

  *   *   *   *   *   *   *

The rule, therefore, requires that in determining the proper classification applicable to imported articles, the actual nature of the article of commerce, or commercial entity, involved must be taken as the determinant.

From our common knowledge of familiar things found in households, we can recognize that the two parts of exhibit 1 are commonly known *collectively* as a "crumber" or "table crumber." Webster's New International Dictionary, 2d edition, 1945, defines "crumber" as:

One that crumbs, as an implement for crumbing a tablecloth.

It is quite obvious, not only from the standpoint of the ornamentation of the brush, but from a consideration of the curvature of the bristle part, its size, and shape, that it was designed to be used with the scoop or tray as the article or implement known as a crumber or table crumber. The analogy or comparison to a man's suit is *apropos*, for usually a suit has trousers and coat of identical weave, ornamentation, tailoring, etc., making it obvious that the two are designed to be used together as the article of commerce known as a suit.

All of the foregoing, coupled with the stipulated fact that the two parts are sold as a unit, establishes that what we have before us is a complete article of commerce, viz, a crumber or table crumber.

As was noted in our decision in the *Donalds Ltd., Inc.*, case, *supra*, the doctrine of entireties, being a rule of classification, must yield where a contrary, established, long-continued administrative practice, established judicial construction, or manifest legislative intent exists. None of these factors is shown to be involved here.

I am of the opinion that *the combination article*, a table crumber, is properly classifiable under the provision for household utensils in paragraph 339, as modified, and would so hold.