**No. 69204.**—Supreme Woodworking Machine et al. *v.* United States, protests 61/1440, etc. (New York).

FORD, Judge: The protests listed in schedule "A," annexed hereto and made a part hereof, are directed against the classification of certain woodworking machines under the provisions of paragraph 353 of the Tariff Act of 1930, as modified by Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, as articles having as an essential feature an electrical element or device. In accordance with said classification, duty was assessed at the rate of 13¾ per centum ad valorem.

It is the contention of plaintiffs herein that the imported machines are properly subject to classification under the provisions of paragraph 372 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, as machines, other, not specially provided for, and, as such, subject to duty at the rate of 13 per centum ad valorem, 12 per centum ad valorem, or 11½ per centum ad valorem, depending on the date of entry. Plaintiffs also contend that the electric motors are separately subject to classification under said paragraph 353, as modified by said sixth protocol, *supra,* as electric motors, having over one-tenth horsepower but not cover 200 horsepower and, as such, subject to duty at 11½ per centum ad valorem, 11 per centum ad valorem, or at 10½ per centum ad valorem, depending upon the date of entry.

The record herein consists of the testimony of one witness called on behalf of plaintiffs and nine exhibits received on behalf of plaintiffs, as well as one exhibit received on behalf of defendant.

The invoice description of the machines involved herein is as follows:

1. "Sagar" two drum endless belt sanding machine, Model A.G.Q.
2. Twin Stair trencher Type ST.
3. "Wadkin" electrically driven 30″ bandsawing machine, Model D.R.A.

4. "Bursgreen" electrically driven vertical spindle moulder and shaper, Model B.R.S.

5. "Bursbreen" 10″ electrically driven titlting arbor saw benches, Model A.G.S.

6. "Wadkin" 12″ electrically driven surface planing machine, Model R.Z.A.

7. "Bursbreen" 9″ electrically driven surface planing and jointing machines, Model B.F.T.

8. "Bursgreen" 12″ electrically driven surface planing machine, Model B.J.R.

9. "Bursgreen" electrically driven 14″ tilting arbor dimension saws, Model A.G.S.

10. Automatic rounding tenoning machine "little type."

11. 25 spindle fully automatic dovetailing machine.

During the course of the trial, counsel for plaintiffs abandoned protest 61/3306, insofar as it related to entry 979651; counsel also abandoned protest 61/23237, insofar as it related to entry 713283. Said protests are, accordingly, dismissed as to all merchandise covered by those entries.

The testimony of Mr. Stone, president of plaintiff corporation, established that the imported machines were operated from a power source by means of V or flat belts; that the source of power in each instance was a standard electric motor, produced in accordance with NEMA, National Electrical Manufacturers Association, specifications; that, in each instance, the motor could be used for many other purposes; that each machine as imported contained such a motor, except exhibit 8, which contained two of such motors, which were bolted to the machine by the use of three or four bolts; that the motors were easily subject to removal by unscrewing the three or four bolts holding the motor and attaching the belts to any other source of power, such as water, steam, or diesel; that, in addition thereto, the machines contained an on-off switch with wiring to the electric motor; that this on-off switch controlled the starting and stopping of the machine; that the machines had no other electrical feature.

Based upon this record and following the principles enunciated in *United States v. Dryden Rubber Co.*, 22 CCPA 51, T.D. 47050; and *United States v. Baker Perkins, Inc.*, R. F. *Downing Co., Inc.*, 46 CCPA 128, C.A.D. 714, we find that the imported woodworking machines together with their accompanying motors do not have as an essential feature an electrical element or device within the purview of paragraph 353 of the Tariff Act of 1930, as modified, *supra*, as determined by the collector of customs, but that the articles should have been classified separately.

Since the appraisement of the contested articles was predicated on the basis that each machine with its motor constituted an entirety, no separate value for each of said items has been returned by the appraiser. Accordingly, the appraisements herein were invalid and void, and the liquidation of the entries was premature and a nullity, in view of the absence of a legal appraisement. It follows that the protests filed herein were likewise premature. We, therefore, dismiss the protests in accordance with the provisions of 28 U.S.C., section 2636(d) and remand the matters to a single judge to determine the proper dutiable value of the merchandise in the manner prescribed by law.

Judgment will be issued accordingly.