(C.D. 2795)

INTER-MARITIME FWDG. CO., INC., ET AL. *v*. UNITED STATES

United States Customs Court, Second Division

(Decided October 19, 1966)

*Tompkins & Tompkins* for the plaintiffs.
*J. William Doolittle*, Acting Assistant Attorney General, for the defendant.

Before RAO and FORD, Judges

FORD, Judge: The cases listed in schedule "A," attached hereto and made a part hereof, have been submitted on a written stipulation reading as follows:

It is hereby stipulated and agreed by and between counsel for the Plaintiffs and the Assistant Attorney General for the United States, Defendant, that the items marked "A" and initialed HG by Examiner H. Golub on the invoices accompanying the entries covered by the protests listed in the Schedule A below, which Schedule A is made a part of this stipulation, which were classified with duty at 13¾% *ad valorem* under Paragraph 353, Tariff Act of 1930 as modified, T.D. 52739, consist of woodworking machines of the same kind in all material respects as the woodworking machines that were the subject of decision in the case of *Supreme Woodworking Machine, et al. v. United States*, Abstract 69204, wherein the Court held that the woodworking machine and accompanying electric motor were separate entities rather than an entirety, the protests being dismissed and remanded to a single judge to determine the proper dutiable value of each motor separate from each machine.

It is further stipulated and agreed that the record in the case of *Supreme Woodworking Machine, et al. v. United States*, Abstract 69204, be incorporated in the record in these cases, and that the protests be submitted on this stipulation.

Accepting the foregoing stipulation of facts and the authority cited, *Supreme Woodworking Machine et al.* v. *United States*, 54 Cust. Ct. 368, Abstract 69204, we find and hold that there were no separate appraisements for the accompanying electric motors. Since it has been agreed by and between counsel for the respective parties that the machines and motors are separate articles of commerce, the appraisement and liquidation are void.

Accordingly, said protests filed against such void liquidation are premature, and the involved protests are hereby dismissed and the matter is remanded for further proceedings to a single judge sitting

in reappraisement for determination of the separate value of the machines and motors in the manner provided by law.

Judgment will be entered accordingly.