BEFORE THE SECOND DIVISION, APRIL 15, 1969

No. P69/94.—Floral Arts Studio v. United States, protest 67/55675 (Los Angeles).

RAO, C.J.  In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of rice paper similar in all material respects to that the subject of *Floral Arts Studios* and *Frank P. Dow Co., Inc., et al.* v. *United States* (49 Cust. Ct. 43, C.D. 2359), the claim of the plaintiff was sustained.

No. P69/95.—T. D. Downing Company v. United States, protests 63/21321, etc. (Boston).

No. P69/96.—John A. Steer Co. v. United States, protest 64/1527 (Philadelphia).

FORD, J.  In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of turret punch press and parts thereof similar in all material respects to the merchandise the subject of *T. D. Downing Co.* v. *United States* (60 Cust. Ct. 345, C.D. 3386), the claim of the plaintiffs was sustained.

No. P69/97.—Supreme Woodworking Machinery Corp. v. United States, protests 63/16554 and 64/14490 (New York).

FORD, J.  In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of woodworking machines similar in all material respects to those the subject of *Supreme Woodworking Machine et al.* v. *United States* (54 Cust. Ct. 368, Abstract 69204) wherein the court held that the woodworking machine and accompanying electric motor were separate entities rather than an entirety, the protest was dismissed and the matter remanded for further proceedings to a single judge sitting in reappraisement for determination of the separate value of the machines and motors in the manner provided by law (28 U.S.C., section 2636(d)).