(C.D. 3934)

GENE MILLER
ATWOOD IMPORTS, INC. } v. UNITED STATES

United States Customs Court, Second Division

(Decided on rehearing [C.D. 3125] December 1, 1969)

Glad & Tuttle (Robert Glenn White of counsel) for the plaintiffs.

William D. Ruckelshaus, Assistant Attorney General (Sheila N. Ziff and Robert E. Burke, trial attorneys), for the defendant.

Before RAO and FORD, Judges

FORD, Judge: This matter comes before us on rehearing having previously been decided in Gene Miller, Atwood Imports, Inc. v. United States, 59 Cust. Ct. 212, C.D. 3125 (1967). We held therein the

classification, under paragraph 353, Tariff Act of 1930, as modified by Presidential Proclamations, 97 Treas. Dec. 157, T.D. 55615, and 97 Treas. Dec. 430, T.D. 55649, of various woodworking machines to be erroneous but overruled the protests on the ground that plaintiff failed to establish whether the motors were or were not designed for the imported machines.

Plaintiffs thereupon timely moved to set aside the submission for the purpose of introducing testimony as to the physical nature and uses of the electric motor involved. The court granted the motion and issued an order restoring the case to the calendar for those purposes.

The decision in C.D. 3125 sufficiently covers the record as made therein and the controlling cases. Additional testimony of Mr. Milton E. Gray was adduced at the rehearing relative to the motors. The record establishes that all of the motors can be used for other purposes with the exception of the motor used in the Frommia power feed unit, model 850, covered by protest 63/23174, which will be discussed *infra*. Ordinarily, we would on the face of such record accept this testimony or be in a position to decide the matter of the motors on the merits. However defendant cites the case of *Castelazo & Associates, Atwood Imports, Inc.* v. *United States*, 59 Cust. Ct. 586, C.D. 3237 (1967), which involved the same importer and among other machines the Rye PD-3 drilling unit. In the *Castelazo* case, *supra*, based upon the record made therein, we held the Rye PD-3 drilling unit involved to have a motor specially designed for use with said machine. We note the same Mr. Gray testified therein. In view of this decision, defendant contends it was incumbent on the part of plaintiff to establish a dissimilarity between the machines. We must bear in mind that our original opinion held the classification to be erroneous hence there is no presumption attaching to the action of the collector. In addition it has always been our understanding, at least for the purpose of impeachment of the witness, that the burden would in this instance be on the defendant to establish that the machine involved including the motors was identical to the machine in the *Castelazo* case, *supra*. The record is devoid of any evidence establishing similarity or dissimilarity of the machines.

We have before us a question of fact as to whether the motor imported with the Rye PD-3 machine involved herein was or was not designed specifically for use with the machine. The record herein establishes the motor to be an "off the shelf" type of motor which could be used with any other machine. There is no presumption or assumption that the manufacturer always has, or will continue to use specially designed or off the shelf motors. It may well be at one time a specially designed motor was used and discontinued. We have only the facts before us. The witness' testimony stands unimpeached by the decision in the *Castelazo* case, *supra*.

With respect to the Frommia power feed unit, model 850, we must reverse our position taken in the original opinion. On the record as previously made and the concession of defendant in its brief that the machines may be operated other than by electricity we naturally made the finding therein. However, pursuant to the order and within the scope of the order, it now develops that the motor for this machine not only is specially designed for it but that a portion of the motor, the stator, is pressed into the casting and is an integral part of the machine. In view of this, it appears that the article in its imported condition could not be used other than with electricity as a source of motive power. Therefore, we find the classification of the Frommia power feed unit, model 850 covered by protest 63/23174 to be properly subject to classification under paragraph 353, *supra*, as classified. To this extent the claim in the protest is overruled.

As to the Rye type R–72, the Rye type PD–3 drilling unit, the Brookman automatic gluing and assembling machine, the Stenner band resaw type VHM–36, we find such machines to be properly subject to classification under paragraph 372, Tariff Act of 1930, as modified by T. D. 55615 and T.D. 55649, as machines not specially provided for, other, and the motors properly subject to classification as motors under paragraph 353, *supra*. The motors being of a general purpose type and not being essential to the operation of the machine should have been appraised as separate entities.

Since the appraisement of the contested articles set forth, *supra*, was predicated on the basis that the machines and motors constituted entireties, no separate value for each of said items was found by the appraiser. Therefore, the appraisements herein with respect to the types of machines set forth, *supra*, are invalid and void and the liquidation of the entries premature and a nullity by virtue of the absence of a legal appraisement. The protests are therefore dismissed in accordance with the provisions of 28 U.S.C., section 2636 (d), and the matter remanded to a single judge to determine the dutiable value of the machines and electric motors in the manner prescribed by law.

Judgment will be entered accordingly.