(C.D. 2313)

UNITED MERCHANDISING CORP. FRANK P. DOW CO., INC. } *v.* UNITED STATES

United States Customs Court, Second Division

(Decided February 1, 1962)

*Lawrence & Tuttle* (*Barnes, Richardson & Colburn* by *Edward N. Glad* of counsel) for the plaintiffs.

*William H. Orrick, Jr.*, Assistant Attorney General (*Sheila N. Ziff*, trial attorney), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges; LAWRENCE, J., not participating

FORD, Judge: The merchandise covered by the above protest consists of 600 dry cell 45-volt batteries, which were classified by the collector of customs under the provisions of paragraph 353 of the

Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, which provides as follows:

Articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs, finished or unfinished, wholly or in chief value of metal, and not specially provided for:

Batteries_____ 17½% ad val.

It is contended by plaintiffs that said merchandise is properly dutiable either as parts of radios under paragraph 353 of the Tariff Act of 1930, as modified by said Torquay protocol, *supra*, or, in the alternative, that 500 of the batteries, which were imported together with 500 radios (the classification of which radios is not contested herein), are properly dutiable as entireties under paragraph 353, *supra*, and, in either case, at the prescribed rate of 12½ per centum ad valorem.

The provisions of paragraph 353 of the Tariff Act of 1930, as modified by T.D. 52739, *supra*, covering radios and parts, are as follows:

Electrical signaling, radio, welding, and ignition apparatus, instruments (other than laboratory), and devices, finished or unfinished, wholly or in chief value of metal, and not specially provided for (not including television apparatus, instruments, or devices)_____ 12½% ad val.

    *         *         *         *         *         *         *
Parts, finished or unfinished, wholly or in chief value of metal, The same rate not specially provided for, of articles provided for in any item    of duty as 353 of this Part (not including X-ray tubes or parts thereof)__    the articles of which they are parts

The record herein consists of the testimony of one witness and the introduction of three exhibits. Plaintiffs' exhibit 1 consists of one of the batteries covered by the involved importation. Plaintiffs' illustrative exhibit 2 consists of a sample of the radio, without batteries, covered by the same invoice. Plaintiffs' illustrative exhibit 3 consists of a sample of a common ordinary flashlight battery.

Mr. William Newman, an importer, whose duties include buying from Japan, Hong Kong, Germany, Austria, Italy, and all over the world and who sells throughout the United States, Mexico, and Canada, was called on behalf of plaintiffs.

Mr. Newman testified that he is familiar with the radios and batteries covered by the protest herein and has been for about 4 years; that his duties require considerable traveling and that he is familiar with the use of exhibit 1; that exhibit 1 is used exclusively for exhibit 2, the imported radio, although he admitted that it could be used by any radio requiring the same voltage and adaptable to the same size battery; that he has never been able to find any other use for the battery, although he has tried, since this would add to his

sales of the item; that exhibit 2, the radio, requires exhibit 1 and one flashlight battery, such as exhibit 3, in order to operate; that he purchased 600 batteries and only 500 radios, since batteries wear out, and the balance he sells as refills.

Based upon the foregoing, plaintiffs contend that, since exhibit 1 is commercially used only in a radio and that the radio would not operate without a source of electric current, such as provided for by exhibit 1, it is of necessity a part of a radio, citing *Marconi Instruments, Ltd.* v. *United States*, 38 Cust. Ct. 311, C.D. 1880; *United States* v. *Willoughby Camera Stores, Inc.*, 21 C.C.P.A. (Customs) 332, T.D. 46851; *The American Import Co.* v. *United States*, 39 Cust. Ct. 9, C.D. 1894.

The question of what constitutes a part for tariff purposes has long been the subject of judicial interpretation. The *Willoughby Camera* case, *supra*, is most frequently cited as the authority for determining whether an article is a part. In the *Willoughby Camera* case, *supra*, the court made the following observations:

It is a well-established rule that a "part" of an article is something necessary to the completion of that article. It is an integral, constituent, or component part, without which the article to which it is to be joined, could not *function as such article*. *Welte & Sons* v. *United States*, 5 Ct. Cust. Appls. 164, T.D. 34249; *United States* v. *American Steel & Copper Plate Co.*, 14 Ct. Cust. Appls. 139, T.D. 41673; *Peter J. Schweitzer, Inc.* v. *United States*, 16 Ct. Cust. Appls. 285, T.D. 42872, and cases cited therein; *United States* v. *John Wanamaker*, 16 Ct. Cust. Appls. 548, T.D. 43266. [Italics quoted.]

The mere fact that two articles are designed and constructed to be used together, does not necessarily make either a part of the other. *Columbia Shipping Co. et al.* v. *United States*, 11 Ct. Cust. Appls. 281, T.D. 39085; *United States* v. *Kalter Mercantile Co. et al.*, 11 Ct. Cust. Appls. 540, T.D. 39680.

Typewriter desks are designed and constructed to be used with typewriters, and frequently have attachments so that typewriters may be joined to them. Furthermore, typewriters must be rigidly supported in order that they may be used properly, yet no one would suggest that ordinary typewriter desks were integral, constituent, or component parts of typewriters, although, no doubt, users of ordinary typewriters would testify that typewriter desks were essential to the proper use of such typewriters.

The rule for determining what is a part cited in the *Willoughby Camera* case, *supra*, is followed to mark the distinction between a part and a material or an accessory. However, this rule does not take into consideration the fact that an article which is necessary to permit the article to which it is joined to function as such article may, in fact, be a separate and distinct commercial entity which does not lose its name by being joined with the article.

In the case at bar, the imported article is a commercial entity known, bought, and sold as a battery. The court can take judicial notice of the fact that one seeking to replace a battery for a portable

radio would go to a store and ask for a battery and not for a part of a radio.

Accordingly, a battery is to a radio as the typewriter desk is to the typewriter, referred to in the *Willoughby Camera* case, *supra*. There are numerous examples which confirm our position that where a commercial entity retains its name, although used with and necessary for the operation of the article with which it is used, it would not become a part of the article.

In the case of *Decorated Metal Manufacturing Co. (Inc.)* v. *United States et al.*, 12 Ct. Cust. Appls. 140, T.D. 40061, the court, in considering the proper classification of certain typewriter ribbon spools, made the following comment:

> * * * It is not infrequent for separate parts of machines to bear particular names of their own, without ceasing to be regarded as parts of the completed machines. In such instances the specific names would of course prevail over the general ones if they appeared in competition in a given tariff provision, but in the absence of a specific enumeration the article would be governed by the next most applicable provision to which it would respond. *In the present case for example if the tariff act contained a specific enumeration of ribbon spools or typewriter ribbon spools, as well as that for parts of typewriters, the former would of course control.* [Italics supplied.]

In the case of *United States* v. *American Express Co.*, 29 C.C.P.A. (Customs) 87, C.A.D. 175, the court, in considering the proper classification of certain film separators used in the film packs for cameras, concluded as follows:

> So, in the instant case, a camera, completed and ready to perform its intended function (the producing of a latent image on a sensitized plate or film) cannot perform such function in the absence of such plate or film. Nevertheless, when used, neither the plate nor the film becomes a part of a camera; it is the material upon which the camera operates.
>
> We are of opinion, therefore, that the involved film separators are not integral, constituent, or component parts of cameras, and are not dutiable as such under paragraph 1551, *supra*.

Based upon the facts and the authorities cited, we are of the opinion that the involved batteries do not constitute parts of radios.

Before going into the question of entireties, the principle of relative specificity as between an *eo nomine* provision and a provision for parts should be considered. The imported batteries clearly fall within the purview of the *eo nomine* designation for batteries. It has been repeatedly held as between an *eo nomine* provision and a provision for parts of an article, the former being more specific, will prevail. *Decorated Metal Manufacturing Co. (Inc.)* v. *United States et al.*, *supra*. Therefore, even if the involved batteries were parts, and we do not so hold, plaintiffs could not prevail since said *eo nomine* provision is more specific than the provision for parts claimed herein.

With respect to the alternative contention of plaintiffs that, in any event, 500 of the imported batteries are, in fact, entireties with the 500 radios imported together with them, we are of the opinion that this position is untenable.   In the case of *Donalds Ltd., Inc.* v. *United States*, 32 Cust. Ct. 310, C.D. 1619, certain inhalers, consisting of three parts, viz, a holder, cotton core, and an inhalant, imported in a completely assembled condition, were before the court for consideration. In reviewing what does and what does not constitute an entirety, the court made the following statement:

* * * If what is imported as a unit is actually and commercially two or more individual entities which, even though imported joined or assembled together, nevertheless, retain their individual identities and are not subordinated to the identity of the combination, duties will be imposed upon the individual entities in the combination as though they had been imported separately.   Conversely, if there are imported in one importation separate entities, which by their nature are obviously intended to be used as a unit, or to be joined together by mere assembly, and in such use or joining the individual identities of the separate entities are subordinated to the identity of the combined entity, duty will be imposed upon the entity they represent.

It is apparent that, in the case at bar, the imported batteries, whether or not connected or joined to the imported radios, retain their identity as batteries.

Similarly, certain nuts and washers accompanying certain steel bars were held not to lose their identity and become merged in an article having a new name, character, and use.   *Preload Construction Corp.* and *Carson M. Simon & Co.* v. *United States*, 38 Cust. Ct. 60, C.D. 1844.

For the reasons stated, we find that the imported batteries are not parts of, nor entireties with, the radios covered by the same entry and, accordingly, hold the batteries to be properly dutiable at the rate of 17½ per centum ad valorem, as provided *eo nomine* under the provisions of paragraph 353 of the Tariff Act of 1930, as modified, *supra*, as classified.

Judgment will be rendered accordingly.