(C.D. 2441)

AMERLUX STEEL PRODUCTS CORP. ET AL. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided April 8, 1964)

*Alfred R. McCauley* for the plaintiffs.

*John W. Douglas*, Assistant Attorney General (*Alfred A. Taylor, Jr.*, trial attorney), for the defendant.

LAWRENCE, Judge: This cause of action relates to protest 60/26797 and 43 others enumerated in the attached schedule A and made a part hereof, which were submitted for decision by this court upon an agreed statement of facts included in a stipulation which, insofar as material here, reads as follows:

* * * that the merchandise assessed with duty at 19% ad valorem under paragraph 397 of the Tariff Act of 1930 as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, T.D. 54108, in the entries covered by the protests enumerated on Schedule A, attached hereto and made a part hereof, consists of galvanized wire fencing composed of wires not over 0.20 and not under 0.08 inch in diameter; and that the Collectors of Customs at the ports involved removed the galvanization from the wire fencing and then measured said wire fencing in order to classify the subject merchandise.

The pertinent text of the statutes involved is here set forth.

Paragraph 397 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 397), as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108:

Articles or wares not specially provided for, whether partly or wholly manufactured:
* * * * * * *
Composed wholly or in chief value of iron, steel, copper, brass, nickel, pewter, zinc, aluminum, or other base metal (except lead), but not plated with platinum, gold, or silver, or colored with gold lacquer:
* * * * * * *
Not wholly or in chief value of tin or tin plate:
* * * * * * *
Carriages, drays, * * *
* * * * * * *
Other, composed wholly or in chief value of iron, steel, brass, bronze, zinc, or aluminum * * *_____ 19% ad val.

Paragraph 317 of said act (19 U.S.C. § 1001, par. 317), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802:

All galvanized wire not specially provided for, not larger than twenty one-hundredths and not smaller than eight one-hundredths of one inch in diameter, of the kind commonly used for fencing purposes, galvanized wire fencing composed of wires not larger than twenty one-hundredths and not smaller than eight one-hundredths of one inch in diameter; and all wire commonly used for baling hay or other commodities_____ ¼¢ per lb.

The stipulation of the parties that the merchandise consists of "* * * galvanized wire fencing composed of wires not over 0.20 and not under 0.08 inch in diameter * * *" is, for all practical purposes, the language of paragraph 317, supra, which is relied upon by plaintiffs for the proper classification of the commodity.

This agreement of the parties would appear on the surface to be dispositive of the issue. However, it is contended by the Government that the collectors of customs at the various ports of entry of the involved merchandise properly removed the galvanization from the wire fencing before determining the diameter measurement, in order to properly classify the merchandise for duty.

The sole question presented for our determination is whether or not the galvanization or coating on the imported wire fencing should be disregarded in ascertaining the diameter of the subject merchandise.

It is fundamental that imported merchandise is dutiable in its condition as it enters the United States, unless Congress by legislation has indicated otherwise. *United States* v. *Baker Perkins, Inc., R. F. Downing Co., Inc.,* 46 CCPA 128, C.A.D. 714.

In support of its contention that the collectors were justified in removing the galvanized material before determining the diameter of the wire fencing, defendant relies upon the circumstance that, in paragraph 316 of said act, "* * * Congress specifically added an additional rate of duty on galvanized wire, and reserves the word 'wire' to designate only merchandise in its uncoated state."

While it is true that paragraph 316(a) does subject wire of iron, steel, or other metal, which has been treated to a galvanizing process, to a duty "in addition to the rate imposed on the wire of which it is made," there is nothing in paragraph 317, *supra*, to indicate that the diameter of galvanized wire fencing should be determined by first removing the galvanized material. Had Congress so intended it would have been a simple matter to state it in unequivocal language. This it did not do.

Plaintiffs, in their brief, point to several instances where Congress has used particular language in measurement provisions in the tariff act, which are set forth below.

Paragraph 318(b) : "* * * if over 20 inches at the largest inside diameter (exclusive of non-metallic lining) * * *."

Paragraph 367(h) : "* * * the shortest surface dimension through the center of the pillar or bottom plate, or its equivalent, not including in the measurement any portion not essential * * *."

Paragraph 903(c) : "* * * the weight shall be taken after any excessive sizing is removed * * *."

Paragraph 1406 : "* * * the thickness which shall determine the rate of duty to be imposed shall be that of the thinnest material found in the article * * *."

Paragraph 1515 : "* * * more than five-sixteenths of one inch outside diameter * * *."

Giving to the context of paragraph 317, *supra*, its natural meaning, we find no justification for removing the galvanized material from the subject merchandise in determining its diameter.

For the reasons stated, we sustain the protests claiming the merchandise to be dutiable at ¼ cent per pound as galvanized wire fencing, composed of wires not larger than twenty one-hundredths and not smaller than eight one-hundredths of one inch in said paragraph 317, as modified.

Judgment will issue in accordance with the views above expressed.