BEFORE THE SECOND DIVISION, JUNE 17, 1965

No. 69382.—Sherwin International, Inc. *v.* United States, protest 62/2949 (Los Angeles).

RAO, Judge: Merchandise described on the invoice accompanying the entry covered by the above-enumerated protest as " 'Itomi' Happy Horns, Model 45" upon importation at the port of Los Angeles was classified by the collector of customs as parts of bicycles in paragraph 371 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 371), and duty was imposed thereon at the rate of 30 per centum ad valorem.

By timely protest filed pursuant to section 514 of said act (19 U.S.C. § 1001, sec. 1514), plaintiff herein protests said classification and duty assessment. Although the protest makes various alternative claims the one relied upon is that the instant merchandise should properly have been classified as articles or wares, not specially provided for, composed wholly or in chief value of base metal, in paragraph 397 of said act (19 U.S.C. § 1001, par. 397), as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, and subjected to duty at the rate of 19 per centum ad valorem. All other claims in the protest were specifically abandoned at the hearing of this case and will be dismissed.

For ready reference, we set forth below the pertinent provisions of the statute: Paragraph 371 of the Tariff Act of 1930:

PAR. 371. Bicycles, and parts thereof, not including tires, 30 per centum ad valorem: * * * .

Paragraph 397 of said act, as modified, *supra*:

Articles or wares not specially provided for, whether partly or wholly manufactured:

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

Composed wholly or in chief value of iron, steel, copper, brass, nickel, pewter, zinc, aluminum, or other base metal (except lead), but not plated with platinum, gold, or silver, or colored with gold lacquer:

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

Not wholly or in chief value of tin or tin plate:
    Carriages, drays * * *

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

Other * * *                                                              19% ad val.

At the trial of this case, the parties entered into a stipulation of fact wherein it was agreed that the merchandise in issue consists of manufactures in chief value of metal.

Lester M. Keenan, general manager and secretary of L. W. Keenan & Co., importer and distributor of bicycles and bicycle accessories, who appeared on behalf of plaintiff, was the only witness called to testify. Keenan stated that he has been engaged in his present business since 1940 and distributes his merchandise to retail establishments, bicycle dealers, hardware stores, and toy stores. He has dealt in the merchandise at bar for approximately 7 or 8 years and sells from 600 to 1,000 dozens of the instant horns a year.

There was received in evidence as plaintiff's exhibit 1 an item representative of the merchandise at bar described as "Itomi" happy horns, which the witness also referred to as "baby" horns or "peep" horns.

An examination of exhibit 1 discloses that affixed thereto by two screws is a bracket by means of which the horn may be attached to the vehicle with which it is to be used.

Witness Keenan stated that the bracket on exhibit 1 is designed to fit either a ⅝-inch or ¾-inch handlebar, which is a tricycle size, and that the standard-size handlebar for bicycles measures ⅞ of an inch in outside diameter.

The "Itomi" happy horns are used on tricycles, velocipedes, toy automobiles, and sidewalk-type or play cycles. The latter, the witness explained, are bicycles with 14- or 16-inch wheels with handlebars which could accommodate horns such as plaintiff's exhibit 1 as compared to the standard 20-inch and larger standard bicycles which have handlebars ⅞ of an inch in outside diameter.

In support of its contention in this case that the "Itomi" happy horns are not parts of bicycles, as classified by the collector of customs, plaintiff relies on the legal principle set forth in *United States* v. *American Bead Co. et al.*, 9 Ct. Cust. Appls. 27, T.D. 37873, wherein it was stated that—

An article not an actual constituent of a manufacture can not be considered as part thereof unless it has been advanced to a point which definitely commits it to that specific class and kind of manufacture. An article commercially suitable and commercially used for the making of different things is a material which is just as much adapted to the production of all of them as it is to the production of any one of them, and until it has been finally appropriated to some definite manufacturing use and has been given the distinguishing characteristics which clearly identify it as one of the components ultimately to be assembled into a particular completed whole, it can not be regarded as a part of any specified manufacture.

Reference is also made in the brief of plaintiff to the case of *G. Joannou Cycle Co., Inc.* v. *United States*, 46 Cust. Ct. 172, C.D. 2253, wherein chromium-plated cycle horns were involved. In that case, the classification by the collector of customs of said articles as parts of bicycles in paragraph 371 of the Tariff Act of 1930 was overruled. The court was there of the opinion that the record amply supported the holding that since the horns could be attached to handlebars of different diameters, depending upon whether the handlebars were those of bicycles, tricycles, motorcycles, or other vehicles, said horns were not dedicated to use as parts of bicycles.

Time was granted defendant to file a reply brief in this case. Subsequently, with refreshing candor, it requested to be relieved therefrom "Based upon the facts contained in the record and in light of the cases cited in the plaintiff's brief, which cases are determinative of the issues involved herein * * *."

The record before us discloses that the "Itomi" happy horns in controversy are not dedicated to use as parts of bicycles or, for that matter, of any other specific vehicle, but may be used on tricycles, velocipedes, toy automobiles, and sidewalk or play cycles, all of which have handlebars measuring not more than ¾ of an inch in diameter.

We are of the opinion, therefore, that said articles are not parts of bicycles in the tariff sense, as classified by the collector of customs. We are, however, of the opinion that, inasmuch as said articles are not dedicated for use as parts of specific articles, are not *eo nomine* provided for in the tariff act, and are composed in chief value of metal, they come within the basket provision of paragraph 397 of said tariff act, as modified, *supra*, for metal articles, not specially provided for, of the kind made dutiable at the rate of 19 per centum ad valorem, as

 

alleged by plaintiff. That claim in the protest is, therefore, sustained. All other claims, having been abandoned, are dismissed.

Judgment will issue accordingly.