BEFORE THE FIRST DIVISION, APRIL 20, 1966

No. P66/36.—Weather-Rite Sportswear Co., Inc., *v.* United States, protests 62/4520, etc. (New York).

No. P66/37.—Irving Raincoat Co., Inc. *v.* United States, protest 64/3511 (Seattle).

No. P66/38.—Rettrain Imports, Inc. *v.* United States, protest 64/12080, etc. (New York).

NICHOLS, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of articles of synthetic rubber similar in all material respects to those the subject of *United States* v. *Weather-Rite Sportswear Co., Inc.* (52 CCPA 7, C.A.D. 848), the claim of the plaintiffs was sustained.

BEFORE THE SECOND DIVISION, APRIL 20, 1966

No. P66/39.—Louis Greenberg & Son, Inc., et al. *v.* United States, protests 64/13568, etc. (New York).

RAO., C.J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of rubber bulb horns similar in all material respects to those the subject of *Sherwin International, Inc.* v. *United States* (54 Cust. Ct. 466, Abstract 69382), the claim of the plaintiffs was sustained.

No. P66/40.—Sears, Roebuck and Co. *v.* United States, protest 62/9309 (Savannah).

FORD, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of galvanized wire fencing, composed of wires not over twenty one-hundredths and not under eight one-hundredths of one inch in diameter, similar in all material respects to that the subject of *Amerlux Steel Products Corp. et al.* v. *United States* (52 Cust. Ct. 83, C.D. 2441), the claim of the plaintiff was sustained.