**No. P66/124.**—Ottavia, Inc. *v.* United States, protests 64/22465, etc. (New York).

FORD, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of pole ends similar in all material respects to those the subject of *J. C. DeJong & Co., Inc. v. United States* (52 CCPA 26, C.A.D. 852), the claim of the plaintiff was sustained.

**No. P66/125.**—D.P. Harris Hdw. & Mfg. Co. et al. *v.* United States, protests 62/5375 and 62/5401 (Los Angeles).

FORD, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of air horns similar in all material respects to those the subject of *Sherwin International, Inc. v. United States* (54 Cust. Ct. 466, Abstract 69382), the claim of the plaintiffs was sustained.

BEFORE THE THIRD DIVISION, JUNE 27, 1966

**No. P66/126.**—Ucagco, Inc., et al. *v.* United States, protests 62/4394 and 64/12346 (Philadelphia).

**No. P66/127.**—W. Kay Co., Inc. *v.* United States, protests 65/18822 and 65/18823 (New York).

LANDIS, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of cups and saucers similar in all material respects to those the subject of *W. Kay Company, Inc. v. United States* (53 Cust. Ct. 130, C.D. 2484), the claim of the plaintiffs was sustained.

**No. P66/128.**—Charles Sadek Import Co., Inc. *v.* United States, protests 61/23888 and 62/15523 (New York).

LANDIS, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of plaques similar in all material respects to those the subject of *Arnart Imports, Inc. v. United States* (54 Cust. Ct. 187, C.D. 2531), the claim of the plaintiff was sustained.