**No. P66/166.**—China Dry Goods Co. and Frank P. Dow Co., Inc. *v.* United States, protests 330184–K and 59/25667 (San Francisco).

**No. P66/167.**—United China & Glass Company *v.* United States, protests 58/715, etc. (Houston).

**No. P66/168.**—Ucagco, Inc. *v.* United States, protests 63/937, 59/15773, and 60/16355 (Boston).

**No. P66/169.**—New York Merchandise Co., Inc. *v.* United States, protest 64/20170 (Portland, Oreg.).

LANDIS, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of cups and saucers similar in all material respects to those the subject of *W. Kay Company, Inc.* v. *United States* (53 Cust. Ct. 130, C.D. 2484), the claim of the plaintiffs was sustained.

BEFORE THE SECOND DIVISION, JULY 27, 1966

**No. P66/170.**—Ataka California, Ltd., and Winter, Wolff & Co., Inc. *v.* United States, protests 63/12057 and 62/5685 (Galveston).

RAO, C.J.   In accordance with stipulation of counsel that the issue involved in the foregoing protests is similar in all material respects to that in *Amerlux Steel Products Corp. et al.* v. *United States* (52 Cust. Ct. 83, C.D. 2441), and that the merchandise is similar in all material respects to the galvanized butt-welded steel tubes, pipes, etc., the subject of *Winter, Wolff & Co.* v. *United States* (54 Cust. Ct. 342, Abstract 69132), the claim of the plaintiffs was sustained.

**No. P66/171.**—Lang & Marshall Co., Inc. *v.* United States, protests 283686–K, etc. (New York).

**No. P66/172.**—Morris Friedman and Hancock Gross Mfg., Inc. *v.* United States, protests 61/12187 and 62/4364 (Philadelphia).

RAO, C.J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of hose nozzles similar in all material respects to those the subject of *United States* v. *Lipman's* (52 CCPA 59, C.A.D. 859), the claim of the plaintiffs was sustained.