(C.D. 2863)

TORCH MFG. CO., INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided December 28, 1966)

*Joseph Winston* (*Daniel I. Auster* of counsel) for the plaintiff.
*Barefoot Sanders*, Assistant Attorney General (*Arthur H. Steinberg*, trial attorney), for the defendant.

Before RAO and FORD, Judges

FORD, Judge: The merchandise, the subject of the protests consolidated for the purposes of trial, listed in schedule "A," annexed hereto and made a part hereof, consists of certain five-cell flashlights and batteries. The imported articles were imported together but were invoiced and entered separately. The flashlights and batteries were classified by the collector of customs as entireties and assessed with duty at the rate of 35 per centum ad valorem under paragraph 353, Tariff Act of 1930, as articles having as an essential feature an electrical element or device. The collector considered such entireties to be "flashlights" within the meaning of that term in the list of articles expressly excepted from the rate reduction in the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, 165, T.D. 52739.

Plaintiff challenges the action of the collector in treating the importations as entireties and claims the batteries are dutiable separately from the flashlights at the reduced rate of 17½ per centum ad valorem under the *eo nomine* provision for batteries in paragraph 353, as modified by T.D. 52739, *supra*.

The competing provisions of paragraph 353, Tariff Act of 1930, or as modified by T.D. 52739, *supra*, are as follows:

Articles having as an essential feature an electrical
  element or device, such as * * *:
    Batteries _____ 17½% ad val.
  *   *   *   *   *   *   *

    Other (except the following: * * *
      flashlights * * *)

Articles having as an essential feature an electrical element or device * * * ; all the foregoing, and parts thereof, finished or unfinished, wholly or in chief value of metal, and not specially provided for, 35 per centum ad valorem.

Preliminary to a discussion of the merits of the protests, a motion was made by counsel for defendant to dismiss protest 64/12258 on the ground that it was insufficient in that plaintiff's protest failed to indicate the tariff paragraph and rate of duty claimed to be applicable. In view of that motion, made orally at trial, plaintiff's counsel then moved orally to amend the protest by adding that the batteries are claimed to be dutiable under paragraph 353, as modified by T.D. 52739, at the rate of 17½ per centum ad valorem. Both motions were taken under advisement by the court.

Plaintiff's protest, in the form of a letter, is as follows:

Dear Sir:

We respectfully refer to entry number 914609 dated 1/29/63 covering 499 packages of flashlights and batteries imported on the SS Yamawaka Maru on 1/29/63.

This entry has been liquidated for an increased duty of $320.77 taking the flashlights and batteries as an entirety under Par. 353 at 35%. However, the batteries are packed separately from the flashlights (not inserted into the flashlight) and can be used for other articles as well as flashlights.

We herewith file protest of this liquidation and ask for a review of this return in order that it may be returned at the proper rate of duty.

Very truly yours,

/s/L. Braverman
TORCH MFG. CO., INC.
N. M. ALBERT CO., INC., ATTY
L. BRAVERMAN, VICE PRES.

The sufficiency of the protest is, of course, to be determined with reference to section 514, Tariff Act of 1930, which provides, in material part, that an importer shall "file a protest in writing with the collector setting forth distinctly and specifically * * * the reasons for the objection thereto." Significantly, he is not specifically required to recite either the tariff paragraph or rate which he claims is applicable.

There is a profusion of case law interpreting and applying the statutory requirements of distinctness and specificity to the innumerable protests which have been challenged upon grounds of insufficiency. Included among the decisions are some containing language that might appear, to the casual reader, to require, as a prerequisite to the essential specificity and distinctness, a specification of the tariff paragraph or rate claimed to be applicable by the importer. See, E. Gross & Co., Inc. v. United States, 42 Cust. Ct. 388, Abstract 63098; National Carloading Corporation v. United States, 44 Cust. Ct. 493, Abstract 64258.

Contradicting such implication, however, are those decisions upholding the sufficiency of protests notwithstanding the absence of a

specified paragraph, *Quaker Waxed Products Corp.* v. *United States*, 39 Cust. Ct. 475, Abstract 61309, or applicable rate, *Loblaw Groceterias, Inc.* v. *United States*, 22 CCPA 479, T.D. 47481, or both, *Kilburn Mill* v. *United States*, 26 CCPA 54, T.D. 49598; *Needler's British Imports* v. *United States*, 39 Cust. Ct. 321, Abstract 60926.

Therefore, while the subject protest may be subject to criticism on the ground that it failed to enumerate the tariff paragraph and rate of duty claimed to be applicable, we do not believe it is subject to dismissal for that reason alone.

The basic rule in determining the sufficiency of protests, fully discussed in many cases (see, *United States* v. *Globe Shipping Co., Inc.*, 19 CCPA 148, T.D. 45262; *Loblaw Groceterias, Inc.* v. *United States*, *supra*), is well stated in *United States* v. *Sheldon & Co.*, 5 Ct. Cust. Appls. 427, T.D. 34946, as follows:

> It was held in substance in *Bliven* v. *United States* (1 Ct. Cust. Appls., 205) that one cardinal rule in construing a protest is that it must show fairly that the objection afterwards made at the trial was in the mind of the party at the time the protest was made and was brought to the knowledge of the collector to the end that he might ascertain the precise facts and have an opportunity to correct the mistake and cure the defect if it was one that could be obviated.

As stated above, the objection made by plaintiff at the trial was directed to the act of the collector in treating the flashlights and batteries as entireties. The challenged protest clearly was sufficient to bring this objection to the attention of the collector. It specified that the subject entry was liquidated by "taking the flashlights and batteries as an entirety under Par. 353 at 35%."

Accordingly, the narrow question presented is whether the protest, which indicated there was error in classifying the separately invoiced importations as entireties, is insufficient for not also specifying the paragraph or rate of duty claimed. For reasons set forth below and following the decision in *Asam Manufacturing Co.* v. *United States*, 37 Cust. Ct. 373, Abstract 60262, we think not, and so hold.

In the *Asam Manufacturing* case, the Government contended it was insufficient for a protest merely to state that there was error in classifying an importation as an entirety without specifying the paragraphs under which the importer claimed. The court, declaring such contention to be without merit, and holding the protest to be sufficient, said:

> * * * As pointed out above, plaintiff, by its protest, merely challenges the validity of the acts of the collector and appraiser in treating the importation as an entirety, and if the court should hold that the advertising cards in controversy are not entireties, but that each item on the cards should be separately classified for duty, it would naturally follow that the liquidation and appraisement were both invalid. Consequently, any claims in the protests for the proper classification of the various items would be unavailing.

It has been said that a protest, to be sufficient, need not be made with technical precision, nor need it be legalistic in form, as long as it is not deceptive or misleading as to the intent of the writer and fairly advises the collector of the objection which is raised against his action. *Atlantic Linen Importing Co.* v. *United States*, 54 Cust. Ct. 290, Abstract 68985.

We conclude, therefore, that all of the essential facts relating to plaintiff's objection to the classification of the subject flashlights and batteries as entireties were set forth in the protest with sufficient specificity to direct the attention of the collector to that objection. Accordingly, defendant's motion to dismiss the protest is denied.

On the merits of the controversy, it appears that the theory of the plaintiff's case is that the imported batteries do not lose their identities as batteries but remain separate and distinct articles of commerce, bought and sold in this country as batteries, and are similar in all material respects and uses to domestic standard "D" batteries, with which they are interchangeable for use in the imported flashlights and numerous other articles.

The record establishes that the subject batteries, five of which are contained in plaintiff's collective exhibit 2, are nothing more, in dimension, material, and use, than standard size "D" batteries. The batteries can be used interchangeably with domestic standard size "D" batteries (plaintiff's exhibits 5 to 10) to furnish the electric current for the imported flashlights (plaintiff's exhibit 1) as well as numerous other articles, such as a fire alarm, shoebrush, lawn trimmer, lantern, and letter opener (plaintiff's collective exhibit 12).

Plaintiff's general manager, Mr. Werner Houston, testified that the flashlights were purchased from various factories in Hong Kong, and the batteries were purchased from the factory in which they were manufactured. The batteries are not specifically designed and dedicated for use exclusively with the imported flashlights. The flashlights and batteries were shipped separately, and they were also shipped packed together as in plaintiff's exhibits 3 and 4. Exhibit 3 is a cardboard box in which five batteries (exhibit 2) are packed. Exhibit 4 is a large cardboard carton in which are packed the five-cell flashlights (exhibit 1) and the small carton (exhibit 3) containing the five batteries (exhibit 2). The flashlights and batteries were packed and shipped in this manner primarily for merchandising reasons and also because of the convenience and economy in shipping in compact containers.

Defendant, while not disputing these facts, contends that batteries are essential to make flashlights operative to perform their intended function, and flashlights would be incomplete and incapable of func-

tioning without batteries. Therefore, defendant argues, flashlights and batteries are packed and shipped together, as in this case, and such units should be classified as entireties.

Plaintiff refers to the decision in *United Merchandising Corp. et al.* v. *United States*, 48 Cust. Ct. 50, C.D. 2313, for support of its contention that the batteries and flashlights do not constitute an entirety.

In that case, the collector classified 600 dry cell 45-volt batteries, which were imported together with 500 radios, under the provision for batteries in paragraph 353, as modified by T.D. 52739. Plaintiffs contended that 500 of the batteries were dutiable as entireties with the radios. The testimony there showed that the batteries were used exclusively with the imported radios and no other use had been found for the batteries. The court, citing *Donalds Ltd., Inc.* v. *United States*, 32 Cust. Ct. 310, C.D. 1619, said that the imported batteries, whether or not connected or joined to the imported radios, retained their identity as batteries. They did not lose their identity and become merged in an article having a new name, character, and use. Accordingly, the batteries were found not to be entireties with the radios.

Defendant, apparently quoting from the *Donalds Ltd.* decision, attempts to distinguish the *United Merchandising, supra,* decision from the facts in this case, "on the basis that the imported batteries and flashlight cases are 'separate entities, which by their nature are obviously intended to be used as a unit, or to be joined together by mere assembly, and in such use or joining the individual identities of the separate entities are subordinated to the identity of the combined entity.' "

If a battery, which was used exclusively with the imported radio in *United Merchandising, supra,* and which had no other known use, retained its identity as a battery, we fail to understand defendant's claim that the identity of the subject multipurpose and interchangeable batteries was not so retained.

It is important to keep in mind the fact that we are concerned with two separate tariff entities—batteries and flashlights. The batteries clearly fall within the purview of the *eo nomine* designation for batteries under the provisions of paragraph 353, as modified, *supra. United Merchandising Corp.* v. *United States, supra.* And the flashlights, without batteries, are nonetheless "flashlights" within the meaning of that term. *Biddle Purchasing Co.* v. *United States,* 48 Cust. Ct. 251, C.D. 2345. We must, accordingly, take into account the tariff requirements for separate classification of commercial entities.

In the *United Merchandising* case, *supra,* we held that, where an imported article retains its own identity even after being joined or assembled with other imported articles and is not subordinated to the

identity of the combination, the combination is not a single entity or entirety for tariff purposes. We believe that the position taken therein applies to the imported flashlight cases and batteries.

If watch movements and watch cases, each of which was a distinct entity provided for *eo nomine* in the tariff schedules, did not lose their individual identities merely because they were assembled into a unit and so imported (*United States* v. *John Wanamaker, Philadelphia, Inc.*, 20 CCPA 367, T.D. 46132), we are not persuaded that the separate tariff identities of the subject batteries and flashlights have been lost and subordinated to their combined use as a flashlight with batteries.

Since the appraisement of the subject batteries and flashlights was predicated on the basis that such batteries constituted entireties with the flashlights, no separate values for the batteries and flashlights were returned by the appraiser. Accordingly, the appraisements herein were invalid and void, and the liquidation of the entries was premature and a nullity, in view of the absence of a legal appraisement. It follows that the protests filed herein were likewise premature. We, therefore, dismiss the protests in accordance with the provisions of 28 U.S.C., section 2636(d), and remand the matters to a single judge to determine the proper dutiable values of the flashlights and batteries in the manner prescribed by law.

For the reasons set forth in the preceding paragraph and in view of the denial of defendant's motion to dismiss the protest, plaintiff's motion to amend the protest also is denied.

Judgment will be issued accordingly.