The protest claim under paragraph 1537(b) is sustained. Judgment will enter accordingly.

(C.D. 3085)

CRAIG PANORAMA, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided August 16, 1967)

*Stein & Shostak (S. Richard Shostak* of counsel) for the plaintiff.
*Carl Eardley*, Acting Assistant Attorney General (*Harold L. Grossman* and *Brian S. Goldstein*, trial attorneys), for the defendant.

Before RAO and FORD, Judges

FORD, Judge: The merchandise under protest herein consists of 2,000 9-volt batteries imported in cardboard display boxes together with 2,000 radios and earphones. The earphones were assessed with duty at the rate of 15 per centum ad valorem under paragraph 353 of the Tariff Act of 1930, as modified by T.D. 51802, and the batteries were assessed with duty at the rate of 17½ per centum ad valorem under paragraph 353 of the Tariff Act of 1930, as modified by T.D. 52739.

At the trial, it was stipulated that the earphones were the same in all material respects as the earphones the subject of *Motorola, Inc., and International Expediters, Inc.* v. *United States*, 54 Cust. Ct. 303, Abstract 69019, wherein earphones for radios were held to be properly classifiable as parts of radios, dutiable at 12½ per centum ad valorem under paragraph 353, as modified by T.D. 52739.

The plaintiff claims that the 2,000 batteries imported are properly dutiable at 12½ per centum ad valorem under paragraph 353, as modified, as entireties with the radios. This represents the only issue remaining: Are the batteries properly classifiable as entireties with the radios?

The provisions of paragraph 353 of the Tariff Act of 1930, as modified by T.D. 52739, under which the radio batteries were classified by the collector of customs at Los Angeles, read as follows:

| Tariff Act of 1930, paragraph | Description of Products | Rate of Duty |
|---|---|---|
| 353 | Articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs, finished or unfinished, wholly or in chief value of metal, and not specially provided for:<br>　　Batteries_____ | 17½% ad val. |

Paragraph 353 of the Tariff Act of 1930, as modified by T.D. 52739, under which plaintiff claims the radio batteries at bar are classifiable as entireties with the radios, provides as follows:

| Tariff Act of 1930, paragraph | Description of Products | Rate of Duty |
|---|---|---|
| 353 | Electrical signaling, radio, welding, and ignition apparatus, instruments (other than laboratory), and devices, finished or unfinished, wholly or in chief value of metal, and not specially provided for (not including television apparatus, instruments, or devices) _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | 12½% ad val. |

The record herein is comprised of the testimony of two witnesses for the plaintiff, and plaintiff's exhibit 1, which consists of a 9-volt battery, packed together with a 6-transistor radio with a case therefor, and each with an earphone in earphone pouch.

Mr. Ed Y. Motokane, the first witness for the plaintiff, testified substantially as follows:

He has been president of Panorama Enterprises since 1957, and continued as such since 1959 when the company changed its name to Craig Panorama. He has been an importer since 1956 of consumer electronic goods, specifically recorders and tape recorders, and radios. Since 1957 his companies have imported, he estimated, over a million radios, ranging from 2 transistors to 14 transistors. He identified plaintiff's exhibit 1, a model 966, 6-transistor radio, as a unit identical with the imported merchandise invoiced as model No. NTR–150. It was in a display cardboard box of their own design, with slots for the radio, the radio case, the battery, earphone and earphone pouch. He supervised the activities of their sales manager, and traveled throughout the United States, including New York and Chicago, and other areas, observing his merchandise on display by dealers. He stated that he saw it displayed as an entirety in the cardboard package; that he purchased it as a unit in Japan, and always sold it as a unit. Mr. Motokane testified that his company sells replacement batteries, and that the radio cannot be used without a battery; that the battery is the power source which is inserted and connected to the radio under a back lid which, when closed, renders the battery invisible.

He stated that the earphones were designed specifically for this radio and could not be used on other radios. The leather radio case was also specifically designed for the individual knobs and dials. Mr. Motokane gave his opinion that the radio at bar was not a complete article of commerce without a battery, but admitted that the 9-volt battery used therein may be used to power various other electronic articles such as tape recorders, transceivers (two-way walkie-talkies), amplifiers, microphone mixers, electric clocks, and intercoms.

On cross-examination, Mr. Motokane testified that he has purchased 9-volt batteries like those involved in the instant case separately and individually, and that it is common practice to buy batteries alone.

Mr. Albert Berg, supervising commodity specialist at Los Angeles testified for the plaintiff that, from 1955 to 1963, he was the examiner who handled electrical merchandise, including radios; that until the Customs Court decision, *United Merchandising Corp.* and *Frank P. Dow Co., Inc.* v. *United States*, 48 Cust. Ct. 50, C.D. 2313, he had been advisorily classifying importations of radio batteries imported in the same immediate container with radios as entireties and that after the decision in the aforesaid C.D. 2313 he changed his advisory classifications accordingly, treating radios and batteries as separate items.

We are of the opinion that the radio batteries herein and the radios with which they are imported do not comprise entireties in the tariff sense, despite their essentiality to the radios as functional units. The *eo nomine* provision for batteries in paragraph 353, *supra*, is clear and unambiguous. The cases adjudicated and cited by counsel on the subject of batteries quite clearly sustain the classification of the collector. The language of the court in those cases affords us a sound basis of determination of the issue in the case at bar.

In *United Merchandising Corp.* and *Frank P. Dow Co., Inc.* v. *United States*, *supra*, and other pertinent cases analyzed, we find this issue clearly adjudicated after the court there had occasion to consider substantially the same arguments urged here by the plaintiff.

In the *United Merchandising* case, *supra*, 600 dry cell 45-volt batteries were classified by the collector of customs under paragraph 353 of the Tariff Act of 1930, as modified, under the *eo nomine* provision for batteries. The 600 batteries which had been imported with 500 radios were made exclusively for the radios. One of plaintiff's contentions was that 500 of the radios with 500 of the batteries were dutiable as entireties under paragraph 353 of the tariff act, *supra*. The court rejected this contention as untenable, citing language from *Donald's Ltd., Inc.* v. *United States*, 32 Cust. Ct. 310, C.D. 1619, which case dealt with certain inhalers consisting of three parts—a holder, a cotton core, and an inhalant—imported in completely assembled condition. Commenting on the subject of entireties, the court, at page 315, stated:

* * * If what is imported as a unit is actually and commercially two or more individual entities which, even though imported joined or assembled together, nevertheless, retain their individual identities and are not subordinated to the identity of the combination, duties will be imposed upon the individual entities in the combination as though they had been imported separately. Conversely, if there are imported in one importation separate entities, which by their nature are ob-

viously intended to be used as a unit, or to be joined together by mere assembly, and in such use or joining the individual identities of the separate entities are subordinated to the identity of the combined entity, duty will be imposed upon the entity they represent.

The court found that the individual identities of the holder, cotton core, and inhalant, while still existing and recognizable as such, were subordinated into a new article of commerce, different from the names of its parts, an inhaler, which it held an entirety for tariff purposes. The court went on to say, however, that as to batteries, whether or not connected or joined to the imported radios, they retained their identity as batteries, were not entireties with or parts of radios, and were dutiable *eo nomine* under paragraph 353, *supra.*

Arguments that the battery in the case at bar merged with the radio, thereby losing its identity to form another article of commerce, and that the battery is an essential part of the radio without which the radio could not function, are not convincing. The record at bar shows clearly that the same battery could be used to power numerous other battery-powered articles, thereby dispelling any argument of dedication to the radio as a part thereof. As the court observed in the *United Merchandising Corp.*, case, *supra,* at page 52—

\* \* \* the imported article is a commercial entity known, bought, and sold as a battery. The court can take judicial notice of the fact that one seeking to replace a battery for a portable radio would go to a store and ask for a battery and not for a part of a radio. [Citing *United States* v. *Willoughby Camera Stories, Inc.*, 21 CCPA 322, T.D. 46851, and other cases on "parts" for tariff purposes.]

The mere fact that two articles are designed and constructed to be used together does not necessarily make either a part of the other. *Columbia Shipping Co. et al.* v. *United States*, 11 Ct. Cust. Appls. 281, T.D. 39085; *United States* v. *Kalter Mercantile Co. et al.*, 11 Ct. Cust. Appls. 540, T.D. 39680.

One further pertinent point was brought out in the *United Merchandising Corp.* case, *supra.* On the principle of relative specificity, the court, on page 53, stated—

\* \* \* It has been repeatedly held as between an *eo nomine* provision and a provision for parts of an article, the former being more specific, will prevail. *Decorated Metal Manufacturing Co. (Inc.)* v. *United States et al.* [12 Ct. Cust. Appls. 140, T.D. 40061] \* \* \*

In a later case, *Torch Mfg. Co., Inc.* v. *United States*, 57 Cust. Ct. 521, C.D. 2863, certain imported flashlights and batteries were the subject of controversy. The plaintiff contended there that the batteries did not lose their identities as batteries or as separate and distinct articles of commerce, were bought and sold in this country as batteries,

and were similar in all material respects and uses to domestic standard "D" batteries, with which they were interchangeable for use in imported flashlights and numerous other articles. The batteries were not specifically designed or dedicated for use exclusively with the imported flashlights. There, the defendant contended that the batteries were essential for the completion and intended function of the flashlights and should be classified as entireties. The court rejected the argument, stating:

If a battery, which was used exclusively with the imported radio in *United Merchandising, supra*, and which had no other known use, retained its identity as a battery, we fail to understand defendant's claim that the identity of the subject multipurpose and interchangeable batteries was not so retained.

It is important to keep in mind the fact that we are concerned with two separate tariff entities—batteries and flashlights. The batteries clearly fall within the purview of the *eo nomine* designation for batteries under the provisions of paragraph 353, as modified, *supra. United Merchandising Corp.* v. *United States, supra.* And the flashlights, without batteries, are nonetheless "flashlights" within the meaning of that term. *Biddle Purchasing Co.* v. *United States,* 48 Cust. Ct. 251, C.D. 2345. * * *

Based on the record and on the cases analyzed, particularly on the *United Merchandising Corp.* and the *Torch Mfg. Co., Inc.,* cases, *supra,* and other cases therein cited, we find that the radio batteries herein are not parts of radios, nor are they entireties with the radios, and hold that the batteries are properly dutiable *eo nomine* at the rate of 17½ per centum ad valorem as provided in paragraph 353 of the Tariff Act of 1930, as modified by T.D. 52739, *supra,* as classified.

Further, and pursuant to stipulation entered into between the parties at the trial, we find and hold that the imported earphones are the same in all material respects as those earphones the subject of *Motorola, Inc., and International Expediters, Inc.* v. *United States, supra,* and, therefore, properly classifiable as parts of radios, dutiable at the rate of 12½ per centum ad valorem under the said paragraph 353 of the Tariff Act of 1930, as modified by T.D. 52739, as claimed by the plaintiff. Therefore, the protest is sustained as to the claim involving the earphones as parts of radios, and is overruled as to all other claims.

Judgment will be rendered accordingly.