**No. P68/178.**—Harpers International, Inc., and Kinsho Mataichi Corp. *v.* United States, protests 66/12621 and 66/3348 (New York).

Rao, C.J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of electrical tape, composed wholly or in chief value of vinyl material, similar in all material respects to that the subject of *Devon Tape Corp.* v. *United States* (57 Cust. Ct. 507, C.D. 2856), the claim of the plaintiffs was sustained.

**No. P68/179.**—I. B. Cohen & Sons, Inc., et al. *v.* United States, protests 60/29598, etc. (New York).

Beckworth, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of rubber bulb horns similar in all material respects to those the subject of *Sherwin International, Inc.* v. *United States* (54 Cust. Ct. 466, Abstract 69382), the claim of the plaintiffs was sustained.

**No. P68/180.**—Lafayette Brass Mfg. Co., Inc., and Durst Industries, Inc. *v.* United States, protests 63/16418 and 65/14665 (New York).

Beckworth, J. In accordance with stipulation of counsel that the items of merchandise marked "A" covered by the foregoing protests consist of rotary lawn sprinklers, or metal parts thereof dedicated for use therewith, similar in all material respects to those subject of *The Durst Mfg. Co., Inc.* v. *United States* (50 CCPA 56, C.A.D. 820), and that the items of merchandise marked "B" covered by the foregoing protests consist of couplings in chief value of zinc, the couplings being screwed on to the end of a garden hose in place of a nozzle such as that involved in *United States* v. *Lipman's* (52 CCPA 59, C.A.D. 859), the claims of the plaintiffs were sustained.