**No. P69/106.**—E. Mishan & Sons *v.* United States, protest 67/82227 (New York).

FORD, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of batteries, classified as entireties with flashlight-cigarette lighters, similar in all material respects to those the subject of *Torch Mfg. Co., Inc.* v. *United States* (57 Cust. Ct. 521, C.D. 2863), wherein said batteries were held to be separately dutiable and that no separate value for each of said items had been returned by the appraiser, the protest was dismissed and the matter remanded to a single judge sitting in reappraisement to determine the separate value of the flashlights and batteries in the manner provided by law (28 U.S.C., section 2636(d)).

BEFORE THE SECOND DIVISION, APRIL 21, 1969

**No. P69/107.**—U.S. Import Equipment Distributors, Inc., et al. *v.* United States, protests 67/31509, etc. (Los Angeles).

NEWMAN, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of conveyor chains similar in all material respects to those the subject of *Border Brokerage Company et al.* v. *United States* (58 Cust. Ct. 228, C.D. 2947), the claim of the plaintiffs was sustained.

**No. P69/108.**—D. P. Harris Hdw. & Mfg. Co., Inc. *v.* United States, protest 60/10615 (Los Angeles).

NEWMAN, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of air horns similar in all material respects to those the subject of *Sherwin International, Inc.* v. *United States* (54 Cust. Ct. 466, Abstract 69382), the claim of the plaintiff was sustained.