EUREKA CO., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 87-01-00014

(Decided February 5, 1993)

*Sonnenberg, Anderson, O'Donnell & Rodriguez (Paul S. Anderson* and *R. Kevin Williams)* for plaintiff.

*Stuart M. Gerson,* Assistant Attorney General, *Joseph I. Liebman,* Attorney-Charge, International Trade Field Office, *(Nancy M. Frieden),* United States Department of Justice, Civil Division, *Jacob D. Diamond,* Attorney, United States Customs Service, of counsel, for defendant.

## OPINION

RESTANI, *Judge:* Plaintiff challenges the decision of the United States Customs Service classifying for tariff purposes storage batteries contained in rechargeable vacuum cleaners separately from the vacuum cleaners in which they were contained and to which they are attached. This matter is before the court for decision based on an agreed statement of facts. The court's determination rests on that statement as well as an examination of the merchandise.

## FACTS

The vacuum cleaner at issue was imported with a plastic bracket and a transformer used to recharge the vacuum cleaner by plugging it into a household electrical outlet. The separate classification of these two articles is not at issue. In order to remove the storage batteries from the vacuum cleaner, the vacuum cleaner must be partially disassembled and wires must be cut. The batteries are not usable in other appliances and cannot be replaced without risk of injury to the consumer. Thus, batteries are not sold separately and replacement batteries are unavailable to the consumer. Apparently, soldering, shrink-wrapping and attaching the batteries is not cost effective as a repair and any defect in the battery unit results in replacement of the entire vacuum cleaner.

## DISCUSSION

Defendant's position in this action is not tenable. None of the cases cited support classification of the battery part of the rechargeable

vacuum cleaner separately. All are clearly distinguishable. The imported article is an entirety.

Defendant cites *Donalds Ltd., Inc. v. United States,* 32 Cust. Ct. 310, C.D. 1619 (1954) (classification of inhaler as entirety) as providing the proper standards for judging whether classification as an entirety is appropriate. The relevant passage reads:

> If what is imported as a unit is actually and commercially two or more individual entities which, even though imported joined or assembled together, nevertheless, retain their individual identities and are not subordinated to the identity of the combination, duties will be imposed upon the individual entities in the combination as though they had been imported separately. Conversely, if there are imported in one importation separate entities, which by their nature are obviously intended to be used as a unit, or to be joined together by mere assembly, and in such use or joining the individual identities of the separate entities are subordinated to the identity of the combined entity, duty will be imposed upon the entity they represent.

32 Cust. Ct. at 315. This passage does not explain classification of numerous articles as entireties even though parts thereof have separate names. Automobile batteries are a prime example cited by plaintiffs, as such batteries are treated as part of the entirety of the automobile. The court would find automobile batteries much more capable of separate classification as they are replaceable, while these batteries are not. These batteries are essential to the operation of the rechargeable vacuum cleaner. They are attached to each other and the rest of the vacuum cleaner by welding, soldering, undetachable wires and are not replaceable. They are physically and commercially part of the vacuum cleaner and are part of the same commercial entity. As such, the batteries have a limited use. *See Ikora, Inc. v. United States,* 66 Cust Ct. 262, C.D. 4202 (1971) (glass dish and silver tray combined to be ashtray); *Miniature Fashions, Inc. v. United States,* 54 CCPA 11, C.A.D. 894 (1966) (top and shorts sets classified as entirety). Furthermore, the battery parts at issue bear no relation to removable and replaceable flashlight or radio batteries. *See Torch Manufacturing Co., Inc. v. United States,* 57 Cust. Ct. 521, C.D. 2863 (1966) (replaceable, multiuse flashlight battery); *United Merchandising Corp. v. United States,* 48 Cust. Ct. 50, C.D. 2313 (1962) (replaceable radio battery); *Craig Panorama, Inc. v. United States,* 59 Cust. Ct. 97, C.D. 3085 (1967) (replaceable radio battery).

That the transformer, which is sold with the vacuum cleaner and is not part of the entirety, is also necessary for continued operation of the vacuum cleaner after the initial charge is lost is of no import. The transformer is a separate item which is easily purchased elsewhere and is simply plugged in. The rechargeable vacuum cleaner is complete without it. These facts distinguish this case from *Sears, Roebuck and Company v. United States,* 13 CIT 772, 723 F. Supp. 805 (1989) (incomplete stereo

rack system) and *Stella D'Oro Biscuit Co., Inc. v. United States,* 79 Cust. Ct. 28, C.D. 4709 (1977) (incomplete breadstick production line).

Contrary to defendant's position there is no one "battery" rule. Each article containing batteries must be analyzed according to its specific function, configuration and commercial use. Accordingly, judgment is entered for plaintiff. The nonreplaceable storage battery parts of the vacuum cleaner may not be classified separately from the vacuum cleaner. The whole article is therefore to be classified under A683.30, TSUS (1984).

## AMENDED JUDGMENT

This case having been submitted for decision and the Court, after deliberation, having rendered a decision therein; now, in conformity with that decision,

IT IS HEREBY ORDERED: that judgment is entered for plaintiff. The merchandise at issue is to be classified under item A683.30, TSUS. The United States Customs Service shall perform all necessary reliquidation and make refund including any interest required by law.